1 | TERRY E. SANCHEZ (State Bar No. 101318)
terry.sanchez@mto.com
2 | PUNEET K. SANDHU (State Bar No. 254726)
puneet.sandhu@mto.com
3 | MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
4 | Thirty-Fifth Floor
Los Angeles, California 90071-1560
5 | Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702
6 |
Attorneys for Defendants WELLS
7 | FARGO & COMPANY; WELLS FARGO
ADVISORS, LLC; and WELLS FARGO
8 | ADVISORS FINANCIAL NETWORK,
LLC
9 |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KENNISON WAKEFIELD, individually and on behalf of all other similarly situated, | Case No. |
| | **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441** |
| Plaintiff, | |
| vs. | |
| WELLS FARGO & COMPANY, WELLS FARGO ADVISORS, LLC, AND WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC and DOES 1 through 20, | **COMPLAINT FILED:** Alameda County Superior Court Case No. RG13697146 Date Filed:  September 26, 2013 |
| Defendants. | |

21951792.1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Wells Fargo & Company, Wells Fargo Advisors, LLC and Wells Fargo Advisors Financial Network, LLC (collectively, "Defendants") hereby remove the above-captioned matter, which was commenced in the Superior Court of the State of California, County of Alameda, Case No. RG13697146, to the United States District Court for the Northern District of California.  By making the statements and allegations contained herein, Defendants in no way concede that Plaintiff Kennison Wakefield ("Plaintiff") is entitled to  any recovery. On the contrary, Defendants dispute Plaintiff's claims in their entirety. The following statements and allegations are made in support of this Notice of Removal and concern the Court's removal jurisdiction only.

1.      This is a civil action over which this District Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1367, and Defendants are entitled to remove to this Court pursuant to 28 U.S.C. § 1441(a).

2.      This action is removed on the basis of federal question jurisdiction because this action arises under the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). The Supreme Court has held that actions to recover benefits, to clarify entitlement to benefits, or to enforce rights under ERISA plans are completely preempted by section 502(a)(1)(B) of ERISA.  Specifically:

> the ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. [Citation.] Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) are removable to federal court.

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (internal quotation marks, alteration and citation omitted); ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

3.     Here, Plaintiff alleges that he was improperly denied benefits under the Wells Fargo Advisors, LLC Performance Contributions and Deferral Plan dated April 15, 2011 (the "Plan").  *E.g.,* First Amended Complaint ¶¶ 25-26.  The Plan is attached as Exhibit A to the First Amended Complaint.  The Plan is a so-called top hat plan, *i.e.,* "an unfunded deferred compensation arrangement for a select group of management and other highly compensated persons, and all rights under the Plan will be construed, **administered and governed in all respects in accordance with the provisions of the Employee Retirement Income Security Act of 1974** (as amended from time to time) applicable to such an arrangement. . . ." First Amended Complaint, Ex. A at p. 14 (attached hereto as Exhibit 2) (emphasis added); 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a)(1).  The Plan, in fact, has met the requirements of ERISA applicable to such top hat plans.  *See* Declaration of Tandace Martz ¶¶ 2-4.

4.     Plaintiff alleges in conclusory fashion that the Plan "is not subject to [ERISA] because it is designed to be and is an incentive plan and not an employee pension benefit plan under or subject to the Act."  First Amended Complaint ¶ 32.  As an initial matter, the Court need not accept as true legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Moreover, the express language of the Plan states that it is subject to ERISA.   First Amended Complaint, Ex. A at p. 14; *see also In The Matter of ComUnity Lending, Inc.*, 399 Fed.Appx. 242, 243 (9th Cir. 2010) ("There can be no doubt that the plan at issue was intended to be a top hat plan [because] the plan states that it 'was designed and intended to be a Top-Hat plan.'").

5.     Accordingly, because Plaintiff's claims are premised upon Defendants' alleged refusal to pay benefits due under the Plan, and the Plan itself

NOTICE OF REMOVAL OF CIVIL
ACTION PURSUANT TO 28 U.S.C. § 1441

1  explicitly states that it is a plan subject to ERISA, Plaintiff's claims are completely

2  preempted by ERISA and give rise to a right of removal.[1]

3       6.     The Court has supplemental jurisdiction over the remainder of

4  Plaintiffs' claims pursuant to 28 U.S.C. § 1367.

5       7.     The Complaint in the Superior Court action was first served on

6  Defendants on September 30, 2013.  Thus, removal of this action is timely under 28

7  U.S.C. § 1446(b).

8       8.     Defendants are informed and believe that no defendants other

9  than the named defendants have been joined or served in this action.

10      9.     Venue is proper in this district under 28 U.S.C. § 1446(a)

11  because this district and division embrace the place in which the removed action has

12  been pending.

13      10.    The following constitute all of the process, pleadings or orders

14  received or served by Defendants in this action, true and correct copies of which are

15  attached as exhibits and incorporated herein as part of this Notice:

16               Exhibit 1 -   Summons and Complaint

17               Exhibit 2 -   First Amended Complaint

18               Exhibit 3 -   Alameda County Superior Court Notice of Complex

19                             Determination Hearing and Case Management

20                             Conference

21               Exhibit 4 -   Defendants' Answer to First Amended Complaint

22

23

24  [1] A removal petition such as the instant pleading must, by rule, be a "short and plain

25  statement of the grounds for removal."  28 U.S.C. § 1446(a).  Defendants reserve
    their right to submit evidence in support of their factual allegations in response to

26  any challenge to removal and federal jurisdiction in this matter.  *Cohn v. Petsmart,*

27  *Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002); *Cornell v. Columbus McKinnon Corp.*,

28  Case No. C 13–02188 SI, 2013 WL 3787416 *2 n.1 (N.D. Cal. July 17, 2013).

NOTICE OF REMOVAL OF CIVIL
ACTION PURSUANT TO 28 U.S.C. § 1441

1            11.    Defendants will promptly file a copy of this Notice of Removal

2    with the clerk of the state court in which the action has been pending.

3

4            BASED ON THE FOREGOING, Defendants hereby remove this

5    action, now pending in the Superior Court of the State of California for the County

6    of Alameda, Case No. RG13697146, to the United States District Court for the

7    Northern District of California.

8

9

10   DATED:  October 29, 2013        MUNGER, TOLLES & OLSON LLP

11                                    TERRY E. SANCHEZ
                                      PUNEET K. SANDHU

12

13

14                           By:       /s/ Puneet K. Sandhu

15                              PUNEET K. SANDHU
                             Attorneys for Defendants

16                           WELLS FARGO & COMPANY; WELLS

17                           FARGO ADVISORS, LLC; and WELLS
                             FARGO ADVISORS FINANCIAL

18                           NETWORK LLC

19

20

21

22

23

24

25

26

27

28