# EXHIBIT 4



1  TERRY E. SANCHEZ (State Bar No. 101318)
   terry.sanchez@mto.com
2  PUNEET K. SANDHU (State Bar No. 254726)
   puneet.sandhu@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
4  Thirty-Fifth Floor
   Los Angeles, California 90071-1560
5  Telephone:    (213) 683-9100
   Facsimile:    (213) 687-3702
6
   Attorneys for Defendants
7  WELLS FARGO & COMPANY; WELLS
   FARGO ADVISORS, LLC; and WELLS
8  FARGO ADVISORS FINANCIAL NETWORK.
   LLC

ENDORSED
FILED
ALAMEDA COUNTY

OCT 28 2013

CLERK OF THE SUPERIOR COURT
By Donna Pratt
Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA, NORTHERN DISTRICT

| | |
|---|---|
| KENNISON WAKEFIELD, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY, WELLS FARGO ADVISORS, LLC, and WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, and DOES 1 through 20,<br><br>Defendants. | Case No. RG13697146<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Action Filed:   September 26, 2013<br>Trial Date:     None Set |

Defendants Wells Fargo & Company, Wells Fargo Advisors, LLC and Wells Fargo Advisors Financial Network, LLC (collectively "Defendants") hereby answer the unverified First Amended Complaint of Plaintiff Kennison Wakefield ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), which permits a general denial to an unverified complaint, Defendants deny each and every material allegation in

each of the causes of action asserted in Plaintiff's First Amended Complaint. Defendants further deny that any rights of Plaintiff or members of the putative class were violated or that they have suffered any damages whatsoever as a consequence of Defendants' actions. Defendants also deny that Plaintiff or members of the putative class are entitled to any legal or equitable relief whatsoever.

Without admitting any of the allegations in Plaintiff's First Amended Complaint, any wrongful conduct, or that they have the burden of proof on any of the following issues, Defendants assert the following separate and independent affirmative defenses:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The First Amended Complaint, and each purported cause of action contained therein, is barred because it fails to state facts sufficient to constitute a cause of action against one or more of the Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

2. To the extent that any member of the putative class has litigated any employment issue with any Defendant and a decision or judgment was issued in such litigation, the First Amended Complaint, and each purported cause of action contained therein, is barred by the doctrines of res judicata and/or collateral estoppel as to that individual.

### THIRD AFFIRMATIVE DEFENSE

(Release/Accord & Satisfaction)

3. The First Amended Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiff and/or members of the putative class have released their claims and/or reached an accord and satisfaction.

/ /

/ /

/ /

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

4. Defendants are informed and believe and on that basis allege that Plaintiff and/or members of the putative class have failed to mitigate damages, if any, and any damages awarded should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE
(Conditions Precedent)

5. The First Amended Complaint, and each purported cause of action contained therein, is barred for failure to satisfy required conditions precedent.

### SIXTH AFFIRMATIVE DEFENSE
(Mandatory Arbitration)

6. Plaintiff and/or members of the putative class signed documents and/or entered into agreements that require them to arbitrate all or part of their disputes with Defendants and, therefore, Plaintiff's claims are subject to mandatory arbitration.

### SEVENTH AFFIRMATIVE DEFENSE
(Justification/Privilege)

7. Without waiving its position that Plaintiff bears the burden of proof on this issue, Defendants allege that any actions taken by Defendants as alleged in the First Amended Complaint were and are protected by the doctrines of justification and/or privilege, including managerial privilege and competition privilege.

### EIGHTH AFFIRMATIVE DEFENSE
(No Intentional Wrongdoing)

8. Defendants state that none of their acts were willful, malicious, in bad faith, or motivated by ill-will or fraud. Rather, their acts were privileged, proper, and taken in accordance with their rights as set forth by statute and/or law.

//
//
//

## NINTH AFFIRMATIVE DEFENSE

(Punitive Damages Would Be Unconstitutional)

9. Plaintiff's request for punitive damages is barred by the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and is invalid on its face and/or as applied to Defendants because it contravenes the rights guaranteed under the aforesaid amendments.

## TENTH AFFIRMATIVE DEFENSE

(No Oppression, Fraud or Malice)

10. Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for such damages or to show that Defendants are guilty of oppression, fraud, or malice, or that Defendants acted with reckless indifference to Plaintiff's rights.

## ELEVENTH AFFIRMATIVE DEFENSE

(Laches, Waiver, Estoppel, Unclean Hands)

11. The First Amended Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

(No Basis For Class Certification)

12. The First Amended Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because this case is not appropriate for class treatment and Plaintiff has not satisfied the requirements of California Code of Civil Procedure § 382 or Rule 23 of the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Inadequate Representative)

13. The First Amended Complaint, and each purported cause of action contained therein, is barred because Plaintiff is not an adequate class representative as required for

class certification pursuant to California Code of Civil Procedure § 382 or Rule 23 of the Federal Rules of Civil Procedure.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Scienter)

14. Without admitting that any misrepresentations were made, the First Amended Complaint, and each purported cause of action contained therein, is barred because to the extent that Defendants made any alleged misrepresentations, such misrepresentations were not made with the requisite state of mind.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Reliance)

15. Without admitting that any misrepresentations were made, the First Amended Complaint, and each purported cause of action contained therein, is barred because to the extent that Defendants made any alleged misrepresentations, Plaintiff and/or members of the putative class did not rely to his detriment and/or his reliance was not reasonable.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Fraud Lack of Particularity)

16. The First Amended Complaint, and each purported cause of action contained therein, is barred because Plaintiff fails to plead fraud with particularity and otherwise fails to identify properly the alleged false or misleading statements of which Plaintiff complains.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Knowledge)

17. Without admitting that any misrepresentations were made, the First Amended Complaint, Defendants are not liable because Plaintiff and/or members of the putative class knew or had reason to know of the true facts that were allegedly misrepresented or omitted and upon which their claims are based, and Defendants had reason to believe that Plaintiff and/or members of the putative class were in possession of this information.

//

//

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative or Internal Remedies)

18. The First Amended Complaint, and each purported cause of action contained therein, is barred, in whole or in part, to the extent Plaintiffs and/or members of the putative class failed to properly and/or timely exhaust the administrative procedures in the alleged Plans or internal remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

19. The First Amended Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the relevant statutes of limitations, including without limitation the statute of limitations contained in California Code of Civil Procedure sections 335.1, 337, 338, 339 and/or 340 and as determined by the Ninth Circuit for claims for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

**TWENTIETH AFFIRMATIVE DEFENSE**

(ERISA pre-emption)

20. To the extent the claims of Plaintiff and/or members of the putative class are premised on their alleged entitlement to retirement benefits or for benefits under Plans subject to ERISA, they are pre-empted.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Standing)

21. Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff lacks standing to assert the claims raised.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Offset)

22. The alleged damages of Plaintiff and/or members of the putative class are barred or reduced by the doctrine of offset to the extent they owe Defendants any amount and/or they receives, are entitled to, or become entitled to, compensation from another person as payment

or reimbursement for the alleged damages and/or for benefits received as a result of the complained-of actions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Improper Joinder)

23. The First Amended Complaint, and each purported cause of action contained therein, fails for improper joinder of Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Workers' Compensation Exclusive Remedy)

24. The First Amended Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because the exclusive remedy for workplace injuries of Plaintiff and/or members of the putative class, including emotional injuries, is set forth in the Worker's Compensation laws of the State of California or any other relevant state, including without limitation, California Labor Code Section 3200 *et seq.*

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Choice of Law)

25. The First Amended Complaint, and each purported cause of action contained therein, to the extent they are not preempted by federal law, fail under a choice of law analysis and to the extent that North Carolina and/or another state's law governs.

Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendants respectfully request that:

(a) Plaintiff take nothing by his First Amended Complaint and the action be dismissed with prejudice;

(b) Defendants be awarded their costs and expenses incurred in defending this action, together with reasonable attorneys' fees; and

1        (c)   Defendants be granted such other and further relief as this Court may
2 deem just and proper.

4 DATED: October 28, 2013      MUNGER, TOLLES & OLSON LLP
                                          TERRY E. SANCHEZ
                                          PUNEET K. SANDHU

                                         By: _____
                                              PUNEET K. SANDHU
                                          Attorneys for WELLS FARGO & COMPANY; WELLS FARGO ADVISORS, LLC; and WELLS FARGO ADVISORS FINANCIAL NETWORK. LLC

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, CA 90071-1560.

On October 28, 2013, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

> William I. Edlund, Esq.
> Robert H. Bunzel, Esq.
> Charles G. Miller, Esq.
> Sony B. Barari, Esq.
> BARTKO, ZANKEL, BUNZEL & MILLER
> One Embarcadero Center, Suite 800
> San Francisco, CA 94111

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 28, 2013, at Los Angeles, California.

*/s/ Karen Easton*
Karen Easton

21965963.1

-1-

PROOF OF SERVICE