William I. Edlund, State Bar No. 25013
wedlund@bzbm.com
Robert H. Bunzel, State Bar No. 99395
rbunzel@bzbm.com
Charles G. Miller, State Bar No. 39272
cmiller@bzbm.com
Sony B. Barari, State Bar No. 243379
sbarari@bzbm.com
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

Michael S. Taaffe, Florida Bar No. 490318 (*Pro Hac Vice*)
mtaaffe@slk-law.com
Michael D. Bressan, Florida Bar No. 011092 (*Pro Hac Vice*)
mbressan@slk-law.com
Jarrod J. Malone, Florida Bar No. 010595 (*Pro Hac Vice*)
jmalone@slk-law.com
SHUMAKER, LOOP & KENDRICK
240 South Pineapple Avenue, 10th Floor
Sarasota, FL 34236
Telephone: (941) 366-6660
Facsimile: (941) 366-3999

Attorneys for Plaintiffs
KENNISON WAKEFIELD and
WILLIAM STONHAUS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KENNISON WAKEFIELD and WILLIAM STONHAUS, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, WELLS FARGO ADVISORS, LLC, and WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, and DOES 1 through 20, <br><br> Defendants. | Case No. 3:13-cv-05053-LB <br><br> **UPDATED JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT REFERENCES TO PLAINTIFFS' EVIDENCE** <br><br> Date: October 2, 2014 <br> Time: 9:30 a.m. <br> Courtroom: C, 15th Floor <br> Judge: Hon. Laurel Beeler |

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Pursuant to Local Rule 56-2(b) and paragraph 9 of this Court's Standing Order dated April 18, 2014, the parties to this action hereby submit the following Updated Joint Statement of Undisputed Facts with Paragraph and Exhibit References to Plaintiffs' Evidence pertaining to Wells Fargo & Co., Wells Fargo Advisors, LLC and Wells Fargo Advisors Financial Network, LLC's (collectively, "Wells Fargo") Motion for Partial Summary Judgment.[1]

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1.    Wells Fargo & Company is a financial services holding company which includes, as a wholly owned subsidiary, defendant Wells Fargo Advisors Financial Network, LLC. Predecessor corporations acquired directly or indirectly by Wells Fargo & Company include Wachovia Corporation and its affiliates Wachovia Securities Inc./Wachovia Securities, LLC and Wachovia Securities Financial Holdings, LLC, A.G. Edwards, Inc., and its subsidiary, A.G. Edwards & Sons, Inc. (hereinafter collectively referred to as "Wells Fargo"). | Declaration William I. Edlund ("Edlund Decl."), ¶ 4, Ex. 12.[2] |
| 2.    Effective December 31, 2008, Wachovia Corporation merged with and into Wells Fargo & Company. Wachovia Securities, LLC changed its name to Wells Fargo Advisors, LLC effective May 1, 2009. Wells Fargo Advisors, LLC is 100% owned by Wachovia Securities Financial Holdings, LLC. | Declaration of Tandace Martz ("Martz Decl.") ¶ 1, n.1. |
| 3.    Plaintiff Ken Wakefield initially registered as a Financial Advisor in 1968 when he worked for Dean Witter, and, after leaving the industry for a few years, registered again in 1976 when he began working for E.F. Hutton, which was subsequently acquired by Shearson Lehman.  He left to work for Prudential Securities, Inc., from 1987 to 1993, for | Declaration Kennison Wakefield ("Wakefield Decl."), ¶ 2. |

---

[1] Both parties reserve the right to object to any of the included facts as irrelevant and/or immaterial to the Court's determination of the motion.

[2] Paragraph and exhibit references to Plaintiffs' evidence submitted by declarations have been updated from the original filing (Dkt. 46-1).

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

BARTKO ZANKEL BUNZEL
BARTKO·ZANKEL·BUNZEL·MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| Merrill Lynch from 1993 to 1999, and thereafter, from 1999 until July 2003 for Prudential when it was acquired by Wachovia Securities LLC, for which company he worked for the following six years. After Wachovia was acquired by Wells Fargo in December 2008, he continued with Wells Fargo until he left to work for Morgan Stanley, a competitor of Wells Fargo, in October 2011. He always worked out of the Newport Beach office of the several financial companies that employed him. He is 74 years old. | |
| 4.   Plaintiff William C. Stonhaus was born on February 6, 1952 and, after several sales positions with different companies, initially registered as a Financial Advisor in February 1982 when he began working for E. F. Hutton & Company, Inc. He left E. F. Hutton and worked for Prudential Securities, Inc. from 1985 to 1992, for Merrill, Lynch, Pierce Fenner & Smith, Inc. from 1992 to 1999 when he returned to Prudential Securities, Inc. in June 1999. Wachovia Securities, LLC acquired Prudential Securities, Inc. and Stonhaus continued with that company until October 2008 when he determined to join UBS Financial Services, Inc., a competitor of Wells Fargo, at which company he is presently employed. He always worked out of the Fresno, California office and continues to work in that office at the present time. | Declaration William Stonhaus ("Stonhaus Decl."), ¶ 2. |
| 5.   Wells Fargo Advisors, LLC or affiliated entities presently have over 15,000 Financial Advisors, some of whom are employed in California and North Dakota, with a total workforce of 25,000. | Edlund Decl.  ¶ 6, Ex. 13. |
| 6.   Wells Fargo Advisors, LLC has approximately $1.4 trillion in client assets and offices in all 50 states, including California and North Dakota. | Edlund Decl. ¶ 7, Ex. 14. |

| | UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 7. | Wells Fargo & Company was ranked on Fortune's 2013 rankings of America's largest corporations.  In 2013, Wells Fargo & Company had $1.5 trillion in assets, 270,000 team members, and 9,000 stores throughout the United States with total revenue in 2013 of $83.8 billion. | Edlund Decl. ¶ 7, Ex. 14. |
| 8. | Wells Fargo has performance award deferred-compensation plans for Financial Advisors (initially established by A.G. Edwards Inc.), with the earliest plan having been established in 1983.  With amendments, Wells Fargo has continued certain of these plans in some form from the original 1983 plan to the present. | Martz Decl. ¶ 3.<br>Edlund Decl. ¶¶ 5, 11, Ex. 18. |
| 9. | Wells Fargo has maintained these various deferred-compensation incentive plans for its Financial Advisors ("FA"). | Martz Decl. ¶ 3.<br>Edlund Decl. ¶ 9.<br>*See also* Fact No. 8 |
| 10. | As part of these various deferred-compensation incentive plans, Wells Fargo established a Voluntary Deferral and Performance Award Contribution Plan, effective as of January 1, 2005 and a Performance Award Contribution Plan ("Plan" or "Plans"). | Martz Decl. ¶ 4, Exs. A, B. |
| 11. | The Plans were amended effective January 1, 2006. | Martz Decl. ¶ 4, Ex. C. |
| 12. | The Plans were amended effective January 1, 2008. | Martz Decl. ¶ 4, Ex. C. |
| 13. | The Plans were amended and restated effective January 1, 2009. | Martz Decl. ¶ 3.<br>*See also* Fact No. 30 |
| 14. | The Plans were further amended and restated effective January 1, 2010, at which point the Plans were renamed the "Wells Fargo Advisors, LLC Performance Award Contribution Plan" and the "Wells Fargo Advisors, LLC Performance Award Contribution and Deferral Plan." | Martz Decl. ¶ 3.<br>*See also* Fact No. 30 |

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

| | UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 15. | The Plans were further amended and restated effective January 1, 2012. | Martz Decl. ¶ 4, Ex. D.<br>Edlund Decl. ¶ 13, Ex. 20. |
| 16. | The Plans are and at all relevant times have been nationwide plans applicable to FAs in all states in which Wells Fargo or its predecessors employed FAs. | Martz Decl. ¶ 5.<br>Stonhaus Decl. ¶ 5.<br>Edlund Decl. ¶ 6. |
| 17. | The Plans provide for "Performance Awards" that are contingent upon the individual FA attaining pre-established performance objectives and are designed to "serve as a meaningful incentive for [FAs] to continue in the employ of [Wells Fargo]." The purpose and intent of the Plans are stated in the current and previous iterations of the Plans. | Martz Decl. ¶ 6, Ex. A.<br>Edlund Decl. ¶ 11, Ex. 18. |
| 18. | The Wells Fargo Advisors, LLC Performance Award Contribution and Deferral Plan, states that it was designed "to provide a select group of management and other highly compensated employees . . . with the opportunity to defer a portion of their incentive-based compensation each year . . . and to earn additional incentive compensation contingent upon their attainment of pre-established performance objectives and their completion of designated service periods." | Martz Decl. ¶ 6, Ex. A.<br>*See also* Fact No. 17 |
| 19. | The Plans provide for a vesting schedule, and subject to the conditions stated in the Plans, for the payment of vested benefits upon retirement, termination of employment, disability or death. | Martz Decl. ¶ 9.<br>*See also* Fact No. 17 |
| 20. | The Plans are unfunded and payments under the Plans are from Wells Fargo's general assets. Participating FAs are unsecured creditors. | Martz Decl. ¶ 8.<br>*See also* Fact No. 17 |

2437.000/830546.1

BARTKO ZANKEL BUNZEL<br>BARTKO·ZANKEL·BUNZEL·MILLER<br>One Embarcadero Center, Suite 800<br>San Francisco, CA 94111<br>Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

| | UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 21. | The Wells Fargo Executive Vice President of Compensation and Benefits has represented in sworn testimony that Wells Fargo & Co.'s Long-Term Incentive Compensation Plan was not an employee benefit plan. | Edlund Decl. ¶ 8, Ex. 15. |
| 22. | Compensation to FAs under the Plans is by "Performance Awards" ("Awards"), which are credited to each participating FA's Plan account. | Wakefield Decl. ¶ 3.<br>Stonhaus Decl. ¶ 3.<br>*See also* Fact Nos. 17, 30 |
| 23. | Awards are credited annually to each FA in the FA's Awards account, including accrued appreciation and losses. | Martz Decl. ¶ 7.<br>*See also* Fact No. 17 |
| 24. | Plaintiff's Awards were administered by First Union Bank and/or Skycomp, which permitted Plaintiffs and other FAs to access electronically their account balances and the transaction history of their respective accounts. | Martz Decl. ¶ 7. |
| 25. | Wells Fargo applied all of the provisions in the Plans throughout the past 30 years, and at least every year explained in writing to all FAs how the Plans worked. Wells Fargo also had automated voice response services for questions and Plan representatives answered questions about the provisions of the Plans. All responses would repeat or paraphrase the contents of the provisions in the Plans and the Summary Plan descriptions. Wells Fargo also published at least annually a brochure containing a summary plan description of the Plans in which Wells Fargo provided further information about the Plans to FAs. Many of the Summary Plan descriptions are titled "Understanding Your Award." | Martz Decl. ¶ 12, Exs. F, G.<br>Edlund Decl. ¶¶ 9, 10, Exs. 16, 17. |
| 26. | The brochures explaining the Awards were designed to summarize and/or provide information about the Plans. Wells Fargo provided the brochures for the FAs to read. Some of the brochures and other presentations | Wakefield Decl. ¶¶ 4, 8, 10, Exs. 2, 3.<br>Stonhaus Decl. ¶ 5.<br>Edlund Decl. ¶¶ 9, 10, Exs. 16, 17. |

about compensation are the following:

- Understanding Your Performance Award for 2007 in the Wachovia Securities Voluntary Deferral and Performance Award Contribution Plan

- Understanding Your AG Edwards Merger Retention Award for 2007 in the Wachovia Securities Voluntary Deferral and Performance Award Contribution Plan

- Understanding Your Performance Award For 2011 in the Wells Fargo Advisors, LLC, Performance Award Contribution Plan

- Understanding Your Path to 4Front Award for 2011 in the Wells Fargo Advisors, LLC, Performance Award Contribution Plan

- Understanding Your Performance Award For 2011 in the Wells Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan

- Understanding Your Path to 4Front Award for 2011 in the Wells Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan

- Understanding Your Performance Award for 2012 in the Wells Fargo Advisors, LLC, Performance Award Contribution Plan

- Understanding Your Performance Award for 2012 in the Wells Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan

- Understanding Your Client Service & Loyalty Award for 2012 in the Wells

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT
REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

| UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan | |
| • Understanding Your Special Recognition Award 2012 in the Wells Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan | |
| • Understanding Your Private Practice Award 2012 in the Wells Fargo Advisors, LLC, Performance Award Contribution Plan | |
| • Understanding Your Private Practice Award 2012 in the Wells Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan | |
| • Understanding Your Deferred Retention Award 2012 in the Wells Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan | |
| • Understanding Your Deferred Recruitment Award 2013 in the Wells Fargo Advisors, LLC, Performance Award Contribution Plan | |
| • Understanding Your Deferred Recruitment Award 2013 in the Wells Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan | |
| • Understanding Your Deferred Retention Award 2013 in the Wells Fargo Advisors, LLC, Performance Award Contribution Plan | |
| • Understanding Your Year 2 President's Award in the Wells Fargo Advisors, LLC, Performance Award Contribution Plan | |
| • Understanding Your Year 2 President's Award in the Wells Fargo Advisors, | |

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT
REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

| UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| LLC, Performance Award Contribution and Deferral Plan<br><br>•   Understanding Your FAIT Best Practices Award in the Wells Fargo Advisors, LLC, Performance Award Contribution Plan<br><br>•   Understanding Your FAIT Best Practices Award In the Wells Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan<br><br>•   Understanding Your AG Edwards Additional Retention Award in the Wells Fargo Advisors, LLC, Performance Award Contribution Plan<br><br>•   Understanding Your AG Edwards Additional Retention Award in the Wells Fargo Advisors, LLC, Performance Award Contribution and Deferral Plan | |
| 27.   In 2007 and 2008, FAs, including Plaintiff Stonhaus and Wakefield, were provided copies of the Wachovia Securities Private Client Group 2007 Financial Advisor Compensation Plan and the Wachovia Securities, Investment Services Group 2008 Financial Advisor Compensation Plan ("Compensation Plans"), respectively, which described the types of compensation they were paid and/or for which they could qualify. | Martz Decl. ¶ 13, Exs. H, I.<br>Wakefield Decl. ¶¶ 3, 4.<br>Stonhaus Decl. ¶¶ 3, 4, 8, 9.<br>Edlund Decl. ¶ 11, Ex. 18. |
| 28.   Other Compensation Plans from 2009 and 2010 include the following:<br><br>•   Private Client Group – 2010 Financial Advisor Compensation Plan By Wells Fargo Advisors<br>•   Private Client Group 2009 Financial Advisor Compensation Plan By Wachovia Securities | Edlund Decl. ¶ 10, Ex. 17. |

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT
REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

| | UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| • | The Growth Plan for 2010 for Wells Fargo Advisors | |
| 29. | The Wachovia Securities, Investment Services Group 2008 Financial Advisor Compensation Plan provided to FAs in 2008 contained information on compensation, including deferred compensation and how to request official Plan documents. | Martz Decl. ¶ 13, Ex. I. |
| 30. | Copies of the Plan and Plan prospectus could be obtained by request to the company's Executive Compensation department or via a deferred-compensation website. Plaintiffs and other FAs could also obtain Plan documents, including the official summary and prospectus for the Plan, by emailing execcomp@wachovia.com. After a reasonable search of its files, Wells Fargo has produced all of the Plan documents in its files. They are the following: | Martz Decl. ¶ 13, Exs. H, I. Edlund Decl. ¶¶ 5, 11 , Ex. 18. |
| • | Wachovia Securities Financial Holdings, LLC Performance Award Contribution Plan, effective as of Jan. 1, 2005 | |
| • | Wachovia Securities Financial Holdings, LLC Voluntary Deferral and Performance Award Contribution Plan, effective as of Jan. 1, 2005 | |
| • | Wachovia Securities Financial Holdings, LLC Voluntary Deferral and Performance Award Contribution Plan, effective as of Jan. 1, 2005, amended effective Jan. 1, 2006 | |
| • | Amendment 2007-1 to Wachovia Securities Financial Holdings, LLC Voluntary Deferral and Performance Award Contribution Plan (dated 12/19/2007) | |
| • | Wachovia Securities Financial | |

Holdings, LLC Voluntary Deferral and Performance Award Contribution Plan, effective as of Jan. 1, 2005, Amended/Restated as of Jan. 1, 2009

- Wachovia Securities Financial Holdings, LLC Performance Award Contribution Plan, effective as of Jan. 1, 2005 Amended/Restated as of Jan. 1, 2009

- Wells Fargo Advisors, LLC Performance Award Contribution and Deferral Plan, effective as of Jan. 1, 2005 Amended/Restated as of Jan. 1, 2010

- Wells Fargo Advisors, LLC Performance Award Contribution, effective as of Jan. 1, 2005 Amended/Restated as of Jan. 1, 2012

- Wells Fargo Advisors, LLC Performance Award Contribution and Deferral Plan, effective as of Jan. 1, 2005 Amended/Restated as of Jan. 1, 2012

- Wells Fargo Advisors Performance Award Contribution and Deferral Plan Summary & Prospectus, dated April 15, 2011 (This document was attached as Exhibit A to the First Amended Complaint and not produced by Wells Fargo.)

- Wachovia Securities LLC Transitional Deferral Election Plan, effective Jan. 1, 2004 Amended/Restated as of Jan. 1, 2009

- Wachovia Securities LLC Transitional Deferral Election Plan, effective Jan. 1, 2004 Amended/Restated as of Jan. 1, 2009

-10-

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT
REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

| UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| • Wachovia Securities LLC Transitional Voluntary Deferral and Matching Contribution Plan, effective Jan. 1, 2004 Amended/Restated as of Jan. 1, 2009 | |
| • Wachovia Securities LLC Transitional Deferral Election Plan | |
| • Wachovia Securities LLC Transitional Voluntary Deferral and Matching Contribution Plan | |
| • Amendment 2007-1 to Wachovia Securities LLC Transitional Deferral Election Plan | |
| • Amendment 2007-1 to Wachovia Securities LLC Transitional Voluntary Deferral and Matching Contribution Plan | |
| • Amendment 2007-1 to Wachovia Securities LLC Transitional Earn-Out Incentive Compensation Plan (dated 12/19/2007) | |
| • Wachovia Securities LLC Transitional Earn-out Incentive Compensation Plan, effective Jan. 1, 2004 Amended/Restated as of Jan. 1, 2009 | |
| • Wachovia Securities LLC Transitional Earn-out Incentive Compensation Plan | |
| • Second Amendment to AG Edwards Excess Profit Sharing Deferred Compensation Plan 2002 Restatement First Amendment to AG Edwards Excess Profit Sharing Deferred Compensation Plan 2002 Restatement | |
| • AG Edwards Excess Profit Sharing Deferred Compensation Plan First Amendment to the 2008 Restatement | |

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

| UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| • AG Edwards Excess Profit Sharing Deferred Compensation Plan Second Amendment to the 2008 Restatement | |
| 31. Wells Fargo publishes to its employees, including all of its FAs, announcements and documents about Wells Fargo's vision and values, corporate governance, standards of ethics and business conduct and related matters.  Wells Fargo expects all of its employees, including its executives and officers as well as its FAs, to read these materials and to conduct themselves in accordance with them. They include the following:<br><br>• The Vision and Values of Wells Fargo (2 pages dated May 23, 2014)<br><br>• Corporate Governance (1 page dated May 23, 2014)<br><br>• Wells Fargo Team Member Code of Ethics and Business Conduct in Wells Fargo Team Member Handbook – January 2014 (18 pages)<br><br>• The Vision & Values of Wells Fargo by John G. Stumpf, Chairman, President & CEO (2012, 43 pages)<br><br>• The Vision & Values of Wells Fargo by Richard M. Kovacevich, Chairman & CEO (2006, 38 pages, pp. Cover, Table of Contents, pp. 1-3, 17-20, 24-36, last 2 pages) | Wakefield Decl. ¶¶ 11-14.<br>Stonhaus Decl. ¶¶ 8, 10.<br>Edlund Decl. ¶ 12 , Ex. 19. |
| 32. Under the terms of the Plans, an FA forfeits non-vested deferred compensation when his or her employment with Wells Fargo terminates, unless the FA meets the conditions set forth in the Plan for "Retirement" and any other related conditions, in which case the FA's Awards continue to vest. | Martz Decl. ¶¶ 10,11, Ex. A.<br>*See also* Fact No. 30 |

-12-

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT
REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

| | UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 33. | Pursuant to the Plans, awards vest, if at all, under the schedule and conditions set out in the Plans. | Martz Decl. ¶ 10, Ex. A. *See also* Fact No. 30 |
| 34. | Under the Plans, awards vest so long as an FA continues his/her employment with Wells Fargo or qualifies for "Retirement," subject to the conditions of the Plan. | Martz Decl. ¶ 11, Ex. A. *See also* Fact No. 30 |
| 35. | Until January 2012 an FA qualified for "Retirement" under the Plans and continued vesting if he or she (i) satisfied the "Rule of 60," *i.e.*, had reached the age of fifty and had at least three years of service to Wells Fargo, provided that the sum of the FA's age and years of service was at least sixty, (ii) agreed to a non-compete agreement lasting three years, (iii) did not compete against Wells Fargo for three years; and (iv) after January 2009 signed a release. | Martz Decl. ¶ 11, Ex. A. *See also* Fact No. 30 |
| 36. | Paragraph 1 of the Acknowledgement, Certification and Release Regarding Continued Vesting of Awards agreement, provides that if the FA is in violation of any of the prohibitions for continued vesting set forth therein, which include providing financial advisory services to another financial services business within three years after the FA leaves Wells Fargo, the FA's unvested Awards shall be immediately forfeited. | Declaration of Carolyn LaMar ("LaMar Decl.") ¶ 4, Ex. 1. |
| 37. | The Acknowledgement, Certification and Release Regarding Continued Vesting of Awards agreement provides that the FA has had the opportunity to consult with an attorney before execution. | LaMar Decl. ¶ 4, Ex. 1. |
| 38. | If the FA qualified for "Retirement" and satisfied all of the related conditions in the Plans, the FA's awards would vest and/or continue to vest pursuant to the Plans. | Martz Decl. ¶ 11. *See also* Fact No. 30 |

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT
REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

| UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 39. Wells Fargo restated its Plans as of January 1, 2012 to waive requirements about forfeiture for California and North Dakota FAs who leave to work for a competitor and who otherwise qualify for continued vesting of their Awards under the Plans. Wells Fargo has not sent any written notice to presently-employed FAs to explain this change to the Plans. It has not sent any written notice or explanation about this change to California or North Dakota FAs who satisfied the Rule of 60 for continued vesting, and whose unvested account balances were previously forfeited under the prior versions of the Plans during the past 30 years. Wells Fargo has not sent any written notice to FAs that California and North Dakota law have strong public policies prohibiting anticompetitive forfeitures for competition. Except for a copy of the revised Plan and the revised Summary Plan description, Wells Fargo has not sent notices or communicated about this change to FAs throughout the United States. | Edlund Decl. ¶¶ 13-15, Exs. 16, 20. |
| 40. Wells Fargo did not provide a written explanation or any information (other than a copy of the Restated Plan and the brochure about the Restated Plan) to California or North Dakota FAs who took employment after January 1, 2012 with a competitor about the Plan changes or the effect of those changes either prior to or after the Plan changes on January 1, 2012. | Wakefield Decl. ¶ 21. Stonhaus Decl. ¶ 16. Edlund Decl. ¶ 15. |
| 41. Wells Fargo has been a member of the Association of Corporate Counsel for over 15 years. | Edlund Decl. ¶ 21. |
| 42. The Association of Corporate Counsel publishes articles and presentations on subjects relevant to corporations and corporate counsel. A presentation by expert lawyers on September 24, 2008 in the ACC Legal Resources was titled "Employee Defection and the Multi-Jurisdictional Employer: Practical Advice on Enforcing Non-Compete | Edlund Decl. ¶ 21, Ex. 23. |

-14-

| | UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | and Other Restrictive Covenants." The Association of Corporate Counsel maintains presentations and legal papers in its Legal Resources website. | |
| 43. | The Legal Department of Wells Fargo presently has a staff of over 390 lawyers with over 45 California lawyers, including several California lawyers dedicated to employment law practice. The official publication of the Labor and Employment Section of the California Bar reported on Business & Professions Code §16600 in an article titled California Restrictive Employment Covenants after Edwards in the California Labor & Employment Law Review, Vol. 23, Number 1, January 2009. | Edlund Decl. ¶¶ 20-25, Exs. 23-25. |
| 44. | Wells Fargo engages a number of outside lawyers to advise it and represent Wells Fargo on employment matters. Some of the law firms representing Wells Fargo in the past 10 years include Littler-Mendelsohn P.C., Allen Matkins, Sheppard Mullin, Seyfarth Shaw, Dorsey & Whitney and Fisher & Phillips. Attorneys who work with each of these law firms have published newsletters, new case developments, articles, legal alerts, legal articles and other communications of informational content. Some of these written communications are published on the law firm's website. Each of the law firms noted in this paragraph as representing or advising Wells Fargo on labor and employment matters has created a website with "banks" of all of the historical written communications by the law firm to its clients. | Edlund Decl. ¶¶ 16-20, Ex. 22. |
| 45. | Plaintiff Ken Wakefield left Wells Fargo to work for Morgan Stanley, a competitor of Wells Fargo, in October 2011 at which time the market value of his Award account balance was $177,290.74. After Wakefield joined Morgan Stanley, Wells Fargo forfeited all of his unvested account balance and | Wakefield Decl. ¶ 19, Ex. 8. |

-15-

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT
REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

| | UNDIPSUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | sent to him his Award account summary for the period October 1, 2011 to December 30, 2011. The account summary showed a zero balance as of December 30, 2011. | |
| 46. | On October 18, 2011, Wakefield's lawyer Jarrod J. Malone sent a letter to Wells Fargo Advisors, LLC, making a demand on behalf of Wakefield and another financial advisor, Ashby Jones. The FA Collections Department sent an email response to Jarrod Malone on October 25, 2011, which stated: "Because Mr. Wakefield and Jones are with competition they forfeit the deferred comp[ensation] regardless if they are retirement eligible or not,. They have to actually retire in order to be eligible. If you require anything, further, please advise. Regards, Carolyn LaMar FA Collections (H0004-131) Private/Client Group Wells Fargo Advisors, LLC" Subsequently, Jarrod Malone sent a letter to Wells Fargo on July 26, 2012 and James Van Dyke III, Assistant Vice President, Financial Advisor Collections, responded on August 15, 2012. Wells Fargo has never paid Wakefield any of his Incentive Bonus Account Balance. | Wakefield Decl. ¶¶ 19, 20, Ex. 9. |
| 47. | Plaintiff Stonhaus voluntarily left Wells Fargo in October 2008 and shortly thereafter went to work with UBS Financial Services, Inc. At that time the market value of his Awards account was over $690,000. Also at that time, Plaintiff Stonhaus requested his Awards and was told by the Compensation Department Executive that they had been forfeited because he was employed by the competition. He | Stonhaus Decl. ¶¶ 2, 11; Ex. 11. |

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

| | UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | was also told that he was not entitled to any of the Awards under the terms of the Plan. | |
| 48. | At the time he left Wells Fargo, Plaintiff Stonhaus was 56 years of age, and had worked for Wells Fargo or a predecessor firm for a combined period 16 years. | Stonhaus Decl. ¶ 2. |
| 49. | Plaintiff Stonehaus's unvested deferred compensation award was forfeited by Wells Fargo on October 22, 2008. | Martz Decl. ¶ 14. Stonhaus Decl. ¶ 11. |
| 50. | At the time that Wells Fargo forfeited Plaintiff Stonhaus' unvested deferred Awards, it added a detail to Plaintiff's online "Transaction History" that set forth as the "Reason: Forfeit – Competing." | Martz Decl. ¶ 14, Ex. J. |
| 51. | In addition to electronic access to his account, Plaintiff had the option of having hard copy statements containing his Award account balance sent to his home address on a quarterly basis, even after he left Wells Fargo. | Martz Decl. ¶ 7, Ex. E. |
| 52. | At the time they left Wells Fargo, both Plaintiffs had worked at least three years with Wells Fargo and were over 50 years old; their respective combined years of continuous service and age was over 60. | Wakefield Decl. ¶ 2. Stonhaus Decl. ¶ 2. |
| 53. | During their employment with Wells Fargo, Plaintiffs and other FAs were repeatedly informed about the Rule of 60, but their unvested Award account balances would be forfeited by Wells Fargo if they left Wells Fargo to work for a competitor in the financial services industry. | Wakefield Decl. ¶ 5. Stonhaus Decl. ¶¶ 6, 12. |
| 54. | Wells Fargo provided all FAs with documents to help them understand the Plans. One of the announcements given to FAs was titled Understanding Your Performance Award (Wachovia Securities Voluntary Referral and Performance Award Plan). | Wakefield Decl. ¶¶ 4, 5, 8-10, Ex. 2. Stonhaus Decl. ¶ 5. |

-17-

| UNDIPSUTED FACT | | SUPPORTING EVIDENCE |
|---|---|---|
| 55. | The Plans and all of the related and explanatory documents were official Wells Fargo documents, and they were used by managers in presentation to FAs, including Plaintiffs, about the Company's compensation program. | Wakefield Decl. ¶¶ 4, 6-10. Stonhaus Decl. ¶¶ 5, 8, 9. |
| 56. | After Wells Fargo acquired Wachovia, FAs were provided with a brochure about the compensation package for the combined companies called the Growth Plan for 2010. | Wakefield Decl. ¶ 10, Ex. 3. |
| 57. | Wells Fargo publishes the Wells Fargo Team Member Code of Ethics and Business Conduct as a part of the Wells Fargo Team Member Handbook. It and predecessor documents contain the guidelines, vision and ethics code. All of these documents were available to all employees of Wells Fargo who were expected to follow them. | Wakefield Decl. ¶ 11, Ex. 5. Edlund Decl. ¶ 12, Ex. 19. |
| 58. | The Plan provided that an FA could be terminated for cause if the FA violated the Code of Ethics and Business Conduct. | Edlund Decl. ¶ 11, Ex.18. |
| 59. | Beginning January 1, 2009, the Plan provided that if an FA who qualified for the Rule of 60 left Wells Fargo, the FA must sign and not revoke a release to receive his/her Awards. Plaintiff Wakefield did not sign any release when he left Wells Fargo. Plaintiff Stonhaus never pursued claims against Wells Fargo in any other forum. | Edlund Decl. ¶¶ 9, 13, Exs. 16, 20. |
| 60. | After they asked for their Award account balance by communication with Wells Fargo, Plaintiffs were told that the Plan did not permit continued vesting of their Awards even if they satisfied the Rule of 60, and that Wells Fargo had forfeited all of their unvested Plan Awards because they had joined a competing firm and they were not entitled to any money in their accounts under the terms and conditions of the Plans. | Wakefield Decl. ¶ 10. Stonhaus Decl. ¶ 9. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 61. Plaintiffs have been a part of the financial service industry for many years and have worked for many different financial services companies. | Wakefield Decl. ¶ 2. Stonhaus Decl. ¶ 2. |
| 62. During the period March 31, 2005 through October 26, 2012, Wells Fargo forfeited the total market value in the Incentive Bonus Account Balances of California and North Dakota FAs pursuant to the Plan forfeiture for competition provisions. There were 138 FAs whose collective Award account balances had a total market value of $12,536,149.31. Attached is a chart showing the number of FAs, the employee identification number, incentive bonus account market value, and forfeiture date for each of those FAs, with a total of $7,812,847.14 forfeited from the account balance of 81 FAs before September 26, 2009 and $4,723,302.17 forfeited from the account balance of 57 FAs after September 26, 2009, including $804,925.80 forfeited from the account balances of six FAs on or after February 3, 2012. The forfeitures of these investment accounts of these six FAs were made by Wells Fargo after the January 1, 2012 restatement of the Plan. After a reasonable search, these are all the forfeitures from FA's investment accounts that Wells Fargo has records for during the period 2005 through September 2013. Wells Fargo does not have records for forfeitures prior to January 1, 2005. | Edlund Decl. ¶¶ 3, 28. Martz Decl. ¶ 16. Exhibit A attached hereto. |

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT
REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB

DATED: August 5, 2014

SHUMAKER, LOOP & KENDRICK, LLP

BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation


By: _____/s/ William I. Edlund_____
William I. Edlund / Robert H. Bunzel /
Charles G. Miller / Sony B. Barari
Attorneys for Plaintiffs
KENNISON WAKEFIELD and
WILLIAM STONHAUS

2437.000/830546.1

JOINT STATEMENT OF UNDISPUTED FACTS WITH PARAGRAPH AND EXHIBIT
REFERENCES TO PLAINTIFFS' EVIDENCE / Case No. 3:13-cv-05053-LB