# EXHIBIT A

1  WILLIAM I. EDLUND (State Bar No. 25013)
   ROBERT H. BUNZEL (State Bar No. 99395)
2  BARTKO, ZANKEL, BUNZEL & MILLER
   A Professional Law Corporation
3  One Embarcadero Center, Suite 800
   San Francisco, California  94111
4  Telephone:     (415) 956-1900
   Facsimile:      (415) 956-1152
5
   Attorneys for Plaintiffs KENNISON WAKEFIELD
6  And WILLIAM STONHAUS
7  MALCOLM A. HEINICKE (State Bar No. 194174)
   malcolm.heinicke@mto.com
8  560 Mission Street
   Twenty-Seventh Floor
9  San Francisco, CA 94105
   Telephone:     (415) 512-4000
10 Facsimile:      (415) 644-6929
11 Attorneys for Defendants WELLS FARGO &
   COMPANY; WELLS FARGO ADVISORS,
12 LLC; and WELLS FARGO ADVISORS
   FINANCIAL NETWORK, LLC
13
   [ADDITIONAL COUNSEL ON NEXT PAGE]
14
15              UNITED STATES DISTRICT COURT
16            NORTHERN DISTRICT OF CALIFORNIA
17 KENNISON WAKEFIELD, WILLIAM          3:13-cv-05053-LB
   STONHAUS, individually and on behalf of all
18 others similarly situated,                STIPULATION RE: SETTLEMENT OF
                                              CLASS ACTION;
19              Plaintiffs,
                                              [PROPOSED] ORDER GRANTING
20         vs.                                PRELIMINARY APPROVAL OF
                                              SETTLEMENT (EXHIBIT 1);
21 WELLS FARGO & COMPANY, WELLS
   FARGO ADVISORS, LLC, AND WELLS            [PROPOSED] NOTICE TO CLASS
22 FARGO ADVISORS FINANCIAL                   MEMBERS (EXHIBIT 2);
   NETWORK, LLC and DOES 1 through 20,
23                                            [PROPOSED] ORDER GRANTING
                Defendants.                   FINAL APPROVAL OF SETTLEMENT
24                                            (EXHIBIT 3);
25                                            [PROPOSED] JUDGMENT (EXHIBIT 4);
                                              and
26
                                              [PROPOSED] SCHEDULE (EXHIBIT 5)
27
28

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

**[ADDITIONAL COUNSEL]**

CHARLES G. MILLER (State Bar No. 39272)
SONY B. BARARI (State Bar No. 243379)
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone:     (415) 956-1900
Facsimile:     (415) 956-1152

MICHAEL S. TAAFFE, admitted *pro hac vice*
JARROD J. MALONE, admitted *pro hac vice*
MICHAEL D. BRESSAN, admitted *pro hac vice*
SHUMAKER, LOOP & KENDRICK, LLP
240 South Pineapple Avenue, 10th Floor
Sarasota, FL 34236

Attorneys for Plaintiffs KENNISON WAKEFIELD, *et al.*

TERRY E. SANCHEZ (State Bar No. 101318)
terry.sanchez@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 683-4015

MARJA-LIISA OVERBECK (State Bar No. 261707)
mari.overbeck@mto.com
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105
Telephone:     (415) 512-4000
Facsimile:     (415) 644-6929

Attorneys for Defendants WELLS FARGO & COMPANY,
WELLS FARGO ADVISORS, LLC, AND WELLS FARGO
ADVISORS FINANCIAL NETWORK, LLC

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

IT IS HEREBY STIPULATED AND AGREED by and between KENNISON WAKEFIELD and WILLIAM STONHAUS (as Class Representatives), on behalf of themselves and all others similarly situated to them and as defined below, on the one hand, and WELLS FARGO ADVISORS, LLC (herein "Wells Fargo"), on the other hand, as set forth below:

I.      **The Conditional Nature of This Stipulation.**

This Stipulation re: Settlement, including all associated exhibits or attachments, (herein "Stipulation") is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis.  Wells Fargo denies all of the claims as to liability, damages, penalties, interest, fees, costs and restitution as well as the class and/or representative allegations asserted in the Litigation.  Thus, this Stipulation and the settlement it evidences are made in compromise of disputed claims.  Because this is a class action, this settlement must receive preliminary and final approval from the Court.  Accordingly, the Settling Parties enter into this Stipulation on a conditional basis.  In the event that the Court does not execute and file the proposed Order Granting Final Approval of Settlement, or in the event that the Court does not sign the proposed Judgment, or in the event that the associated Judgment does not become Final for any reason, this Stipulation shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any substantive purpose whatsoever, and the negotiation, terms and entry of it shall remain subject to the provisions of Federal Rule of Evidence 408 and California Evidence Code sections 1119 and 1152.

Wells Fargo has agreed to resolve this Litigation via this Stipulation, but to the extent this Stipulation is deemed void or does not take effect, Wells Fargo does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class or representative treatment on any grounds or to assert any and all defenses or privileges.  The Class Representatives and Class Counsel agree that Wells Fargo retains and reserves these rights, and agree not to take a position to the contrary.  In particular, the Class Representatives and Class Counsel waive, and agree not to argue or present, any argument that Wells Fargo would be

1  estopped from in any way contesting class certification because it has entered this Stipulation.

2  The Settling Parties also agree that in the event the Court does not approve this settlement, the

3  Settling Parties will not make any substantive reference to this proposed settlement when

4  advocating their positions in the litigation of this matter.

5  **II.     The Parties to this Stipulation.**

6          This Stipulation (with the associated exhibits) is made and entered into by and

7  among the following Settling Parties: (i) the Class Representatives (on behalf of themselves and

8  each of the Settlement Class Members), with the assistance and approval of Class Counsel; and

9  (ii) Wells Fargo, with the assistance and approval of its counsel of record in the Litigation.  The

10  Stipulation is intended by the Settling Parties to result in the final resolution with prejudice of the

11  Litigation pursuant to the Judgment and to fully, finally and forever resolve, discharge and settle

12  the Released Claims upon and subject to the terms and conditions herein.

13  **III.    The Litigation.**

14          Class Representative Kennison Wakefield filed the instant action on September 26,

15  2013.  Through an amendment, Class Representative William Stonhaus joined the Litigation as a

16  plaintiff on July 11, 2014.  Wakefield and Stonhaus are represented by Bartko, Zankel, Bunzel &

17  Miller and Shumaker, Loop & Kendrick, LLP.  On behalf of themselves and others similarly

18  situated to them, the Class Representatives have alleged, among other things, that Wells Fargo

19  violated California Business and Professions Code § 16600 and breached its contracts with them

20  and other California and North Dakota Financial Advisors by the forfeiture of certain unvested

21  compensation amounts previously awarded to the Class Representatives and Class Members

22  pursuant to the terms of Wells Fargo's Performance Award Contribution Plan and Performance

23  Award Contribution and Deferral Plan or their predecessor plans ("Compensation Plans")  for

24  Financial Advisors.  Wells Fargo denies these allegations.

25          On March 11, 2014, counsel for the parties attended and participated in a

26  mediation before professional mediator and retired judge Ronald M. Sabraw.  Despite good faith

27  efforts, the parties did not settle, but continued to engage in extended negotiations and the

28

BARTKO ZANKEL BUNZEL
BARTKO·ZANKEL·BUNZEL·MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   exchange of various data and materials after the mediation, and reached a class-wide settlement

2   agreement, executed a Memorandum of Understanding summarizing the agreed upon settlement

3   terms, and then negotiated this detailed agreement at arm's length over the following months.

4        In connection with the Litigation, Wells Fargo provided Class Representatives

5   Wakefield and Stonhaus and their counsel with thousands of pages of documents related to its

6   Compensation Plans as well as data related to the forfeiture dates and forfeiture amounts for the

7   former employees that comprise the putative class.  Moreover, through counsel experienced in

8   these types of cases, the parties engaged in arms-length negotiations that included a mediation

9   session with judge Ronald M. Sabraw.  In sum, Wells Fargo and its counsel, and Class

10   Representatives Wakefield and Stonhaus and their counsel had sufficient information to assess

11   this litigation.

12        The parties to this agreement recognize and acknowledge that at the time of the

13   execution of the settlement, there are unsettled questions of law which may have impact on the

14   claims at issue in the Litigation.  The parties further recognize that they are reaching this

15   settlement in light of the risks created by all of these unresolved issues, and that all parties will

16   take all reasonable efforts to enforce this agreement and obtain court approval for this settlement

17   regardless of how any such issues of law are or may be decided after this settlement is executed.

18   **IV.**   **Defendants' Denial of Wrongdoing or Liability.**

19        The Wells Fargo Releasees deny all of the claims and contentions alleged by the

20   Class Representatives in the Litigation.  Wells Fargo contends that it has meritorious defenses to

21   the claims including, but not limited to, its contention that its Compensation Plans are covered by

22   federal law that preempts state law and permits enforcement of the compensation provisions at

23   issue in this case.  Nonetheless, Wells Fargo has concluded that further conduct of the Litigation

24   would be protracted and expensive, and that it is desirable that the Litigation be fully and finally

25   settled in the manner and upon the terms and conditions set forth in this Stipulation.  Wells Fargo

26   has also taken into account the uncertainty and risks inherent in any litigation, especially in

27   putative class actions like this Litigation.  Wells Fargo has therefore determined that it is desirable

28

BARTKO ZANKEL BUNZEL

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   and beneficial to Wells Fargo that the Litigation be settled in the manner and upon the terms and

2   conditions set forth in this Stipulation.

3           The Class Representatives and Class Counsel agree that this Stipulation will not be

4   deemed any admission of liability or wrongdoing on the part of Wells Fargo, and that it may not

5   be used in any proceeding to such an effect.

6   **V.      Claims of The Class Representatives and Benefits of Settlement.**

7           Class Representatives Wakefield and Stonhaus believe that the claims asserted in

8   the Litigation have merit and that evidence developed to date supports the claims.  Wells Fargo

9   believes that it has good faith and grounded defenses to the claims asserted.  The Class

10  Representatives and Class Counsel have taken into account the uncertain outcome and the risk of

11  any litigation, especially in putative class actions such as this Litigation, as well as the difficulties

12  and delays inherent in such litigation.  The Class Representatives and Class Counsel believe that

13  the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class.

14  Based upon their evaluation, the Class Representatives and Class Counsel have determined that

15  the settlement set forth in the Stipulation is in the best interests of the Class Representatives and

16  the Settlement Class.

17  **VI.     Terms of Stipulation and Agreement of Settlement.**

18          NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED

19  by and between the Class Representatives (for themselves and the Settlement Class Members) and

20  Wells Fargo, with the assistance of their respective counsel of record, that, as among the Settling

21  Parties, including all Settlement Class Members, the Litigation and the Released Claims shall be

22  finally and fully compromised, settled and released, and the Litigation shall be resolved with

23  prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation

24  and the Judgment.

25          1.      Definitions.

26          As used in all parts of this Stipulation (including the exhibits which are part of the

27  Stipulation), the following terms have the meanings specified below:

28

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    1.1    "Claims Administrator" means the third-party claims administration firm

2    of Rust Consulting, Inc.

3    1.2    "Class" means the collective group of all Persons formerly employed as

4    Financial Advisors and/or in similar positions in California and North Dakota by Wells Fargo

5    Advisors, LLC whose employment with Wells Fargo terminated during the Class Period and who

6    (a) at the time of the termination of their employment, were (i) subject to the Compensation Plans

7    pertinent to the Litigation and (ii) qualified for retirement under those plans, such that otherwise

8    unvested compensation amounts could continue to vest upon termination subject to other

9    restrictions; (b) voluntarily left Wells Fargo or a predecessor corporation and either (i) did not

10   sign a valid release or transition agreement, (ii) did not sign a contract to not work for a

11   competitor in the financial services industry, or (iii) within three years after leaving Wells Fargo,

12   started work in the financial services industry with a competitor; and whose (c) unvested

13   compensation account balances were deemed forfeited by Wells Fargo and not paid because they

14   either (i) did not sign a valid release or transition agreement, or (ii) within three years after

15   leaving Wells Fargo, started work in the financial services industry with a competitor.  The parties

16   understand and agree that the number of Class Members will consist of approximately 135

17   Persons, and that the Class does not include three (3) Financial Advisors whom the parties agree

18   executed valid releases of the claims encompassed in this Litigation.

19   1.3    "Class Counsel" or "Wakefield Counsel" means the law firms Bartko,

20   Zankel, Bunzel & Miller and Shumaker, Loop & Kendrick, LLP, collectively.

21   1.4    "Class Member" or "Member of the Class" means a Person who is a

22   member of the Class.

23   1.5    "Class Period" means the period from January 1, 2005 through

24   September 26, 2013, i.e., the date the Litigation was filed.

25   1.6    "Class Representatives" or "The Class Representatives" means

26   Kennison Wakefield and William Stonhaus in their capacity as the representatives of the Class.

27

28

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1.7     "Court" means the United States District Court for the Northern District of California.

1.8     "Effective Date" means the date on which the Judgment becomes Final.

1.9     "Final" means:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of any appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Any proceeding or order, or any appeal or petition for a writ pertaining solely to Class Counsel's application for or award of attorneys' fees shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

1.10     "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation, substantially in the form attached hereto as Exhibit 4.  This Judgment shall be a judgment for purposes of Rule 58(a) of the Federal Rules of Civil Procedure.

1.11     "Kennison Wakefield" or "Wakefield" or "Plaintiff Wakefield" means Kennison Wakefield, an individual, one of the named plaintiffs in the Litigation.

1.12     "Last Known Address" means the most recently recorded mailing address for a Class Member as contained in the employment personnel records maintained by Wells Fargo.

1.13     The "Litigation" or the "Lawsuit" or the "Wakefield Litigation" or the "Wakefield Lawsuit" shall mean the lawsuit entitled KENNISON WAKFIELD, WILLIAM STONHAUS, *et al.*, Plaintiffs vs. WELLS FARGO & CO., WELLS FARGO ADVISORS, LLC AND WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, *et al.*, Defendants, Case No. 3:13-cv-05053-LB, United States District Court, Northern District of California.

1.14     "Maximum Settlement Amount" or "The Maximum Settlement Amount" shall mean the maximum total amount that can be paid by Wells Fargo pursuant to this Stipulation, with the sole exception of the Additional Payment Amount.  It is agreed that the Maximum Settlement Amount is $7,420,000  (seven million four hundred and twenty thousand United States dollars) and it is further agreed that pursuant to the terms of this Stipulation, Wells

1  Fargo will pay less than the Maximum Settlement Amount if fewer than all Class Members

2  become Participating Claimants, but Wells Fargo will not under any circumstances pay more than

3  the Maximum Settlement Amount for all claims made and attorneys' fees as set forth in this

4  Stipulation.  The Maximum Settlement Amount shall cover all of the expenses associated with the

5  settlement for the following items:  (1) the maximum total gross amount that Wells Fargo will pay

6  (subject to the occurrence of the Effective Date) to Participating Claimants (*i.e.*, the Net

7  Settlement Fund which will be $5,565,000); (2) the maximum total gross amount Wells Fargo

8  will pay (subject to the occurrence of the Effective Date) to Class Counsel pursuant to Paragraph

9  2.8.1 for attorney fees, costs and all other litigation expenses which will be $1,855,000.  In

10  addition to the Maximum Settlement Amount, Wells Fargo shall also pay only (1) the claims

11  administration costs, which are estimated to be $15,000; (2) any enhancement payments awarded

12  by the Court to the Class Representatives, estimated to be, but not exceed, $10,000 each;  and (3)

13  the payment to the California Labor Workforce Development Agency, which will be $7,500

14  (collectively, the "Additional Payment Amount").

15          1.14.1     It is further agreed that Wells Fargo will not under any circumstances

16  pay more than the applicable Maximum Settlement Amount for the payments to Participating

17  Claimants and for attorneys' fees and litigation expenses, and the Additional Payment Amount set

18  forth in Paragraph 1.14.

19          1.15     "Motion for Partial Summary Judgment" means the Motion for Partial

20  Summary Judgment filed as Docket Number 46 of the Litigation that was subsequently granted

21  by the Court.

22          1.16     "Net Settlement Fund" shall mean the maximum total amount that Wells

23  Fargo will pay (subject to the Effective Date) to Participating Claimants.

24          1.17     The "Non-Settlement Class" consists of or means the group of all Class

25  Members who properly and timely elect to opt out of the Settlement Class by submitting Opt Outs

26  pursuant to Paragraph 2.5.4 of this Stipulation.

27

28

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL VHULE
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1         1.18     "Non-Settlement Class Member" or "Member of the Non-Settlement

2 Class" means a Person who is a member of the Non-Settlement Class.

3         1.19     "Notice re: Pendency of Class Action" or "Notice To Class Members

4 Re: Pendency of a Class Action and Notice of Hearing On Proposed Settlement" means a notice

5 and associated forms entitled "Notice To Class Members Re: Pendency of a Class Action and

6 Notice of Hearing On Proposed Settlement" to be approved by the Court, substantially in the form

7 attached hereto as Exhibit 2.  Prior to mailing, the Notice will be re-formatted by the Claims

8 Administrator with notice to Class Counsel.

9         1.20     "Class Notice" means "Notice re: Pendency of Class Action" or "Notice

10 To Class Members Re: Pendency of Class Action and Notice of Hearing On Proposed

11 Settlement."

12         1.21     "Notice Mailing Deadline" means the deadline for the Claims

13 Administrator to mail the Class Notices, which shall be thirty (30) days after the Preliminary

14 Approval Date.  Exhibit 5 to this Stipulation contains a proposed schedule of pertinent deadlines

15 for the notice and payments set forth in this Stipulation.

16         1.22     "Notice Response Deadline" means the deadline for all Class Members

17 to respond to the Class Notice, which shall be sixty  (60) days after the Class Notice is mailed.

18         1.23     "Opt Out" or "Opt Outs" means written and signed requests by Class

19 Members to be excluded from the Settlement Class, which are submitted in the manner specified

20 in the Class Notice and postmarked no later than the Notice Response Deadline.

21         1.24     "Order of Final Approval" or "Order Granting Final Approval of

22 Settlement" shall mean an order to be entered by the Court entitled "Order Granting Final

23 Approval of Settlement," substantially in the form attached hereto as Exhibit 3.

24         1.25     "Participating Claimant" means a Member of the Settlement Class who

25 submits a Qualifying Settlement Claim Certification Form in response to the Class Notice.

26         1.26     "Payroll Taxes" shall mean the employer share of the payroll taxes on a

27 wage payment.

28

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1.27    "Person" means a natural person.

1.28    "Preliminary Approval Date" shall mean the date on which the Court grants preliminary approval for the settlement.

1.29    "Preliminary Approval Order" or "Order Granting Preliminary Approval for the Settlement and Setting a Final Approval Hearing" shall mean an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval for the Settlement and Setting a Final Approval Hearing," substantially in the form attached hereto as Exhibit 1.

1.30    "Qualifying Settlement Claim Certification Form" shall mean a Settlement Claim Certification Form that:  (1) is substantially filled out by a Class Member; (2) is timely received by the Claims Administrator, with timely meaning postmarked or date stamped if sent by email no later than the deadline listed on the Settlement Claim Certification Form, *i.e.*, by the Notice Response Deadline; (3) confirms the Class Member is the same person listed in the notice and had unvested compensation awards under a Compensation Plan forfeited because he or she went to work for a competitor and/or declined to sign a non-compete agreement.

1.31    "Reasonable Address Verification Measure" shall mean the utilization of the National Change of Address Database maintained by the United States Postal Service to review the accuracy of the last mailing address known by Wells Fargo, and, if possible, update a mailing address.

1.32    "Released Claims" shall collectively mean all claims, including without limitations "Unknown Claims" as defined in Paragraph 1.42 hereof, demands, rights, liabilities and causes of action of every nature and description whatsoever including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the Wells Fargo Releasees, or any of them, for any type of relief relating to compensation and/or awards that were lost or deemed forfeited or did not vest, during the Class Period including without limitation, claims for alleged or actual (a) violations of California Business & Professions Code § 16600 and North Dakota Century Code § 9-08-06; (b) violations of California Civil Code § 52.1; (c) violations of California Labor Code § 206.5; (d)

violations of the California Private Attorney General Act, California Labor Code § 2698 *et seq*.; (e) any and all associated claims for interest, costs, or attorneys' fees, including without limitation claims under Code of Civil Procedure section 1021.5; and (f) to the extent not covered above, any and all claims pled in the Litigation.

   1.33 "Settlement Claim Certification Form" shall mean the form attached as Form B to the Notice re: Pendency of Class Action, in the same or substantially the same form as set forth in Form B of Exhibit 2 of this Stipulation.

   1.34 "Settlement Class" means the collective group of all of the Class Members who do not opt out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.5.4, and thus do not object to becoming bound by the Judgment.

   1.35 "Settlement Class Member" or "Member of the Settlement Class" means any Person who is a member of the Settlement Class.

   1.36 "Settlement Hearing" or "Final Approval Hearing" means a hearing set by the Court to take place on or about the Final Approval Hearing Date for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Stipulation and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.

   1.37 "Settlement Hearing Motion Date" or "Final Approval Hearing Motion Date" is the date that is on or near the date that is thirty-five (35) days after the Notice Response Deadline.

   1.38 "Settlement Hearing Date" or "Final Approval Hearing  Date" is the date that is thirty-five (35) days after the Final Approval Hearing Motion Date or as soon following Final Approval Motion Date as the calendars of the Court and counsel for the Settling Parties permit.

   1.39 "Settlement Sum" means the total amount available to a Class Member provided he or she becomes a Participating Claimant, and therefore the total amount due to an individual Participating Claimant.

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL

BARTKO ZANKEL BUNZEL MILLER

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1.39.1     The Settlement Sum for Participating Claimants shall be, subject to being reduced by attorney's fees and costs awarded to Class counsel by the Court, (i) $10,000 for each class member whose compensation was forfeited prior to September 26, 2009; or (ii) a *pro rata* share of $ 6,610,000, calculated by the amount of compensation forfeited for each class member whose compensation was forfeited on or after September 26, 2009.

1.40     "Settling Parties" means Wells Fargo and the Class Representatives on behalf of themselves and all Members of the Settlement Class.

1.41     "Stipulation" means this agreement, the Stipulation Re: Settlement of Class Action and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them, and which is subject to Court approval. It is understood and agreed that Wells Fargo's obligations for payment under this Stipulation are conditioned on, *inter alia*, the occurrence of the Effective Date.

1.42     "Unknown Claims" means any Released Claims which the Class Representatives or any Settlement Class Member do not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of the Wells Fargo Releasees or might have affected his or her decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights and benefits of California Civil Code section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Representatives and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representatives and each Settlement

Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

For the sake of clarity, the Settling Parties agree that Unknown Claims include only those claims that meet the definition of Released Claims and do not include claims that do not meet the definition of Released Claims.  As such, Unknown Claims do not include claims unrelated to the forfeiture, loss or failure to vest of unvested compensation and/or awards in compensation plans as the result of Wells Fargo's conduct, and specifically do not include claims related to promissory notes.

1.43    "Updated Address" means a mailing address that was updated via a Reasonable Address Verification Measure, or via an updated mailing address provided by the United States Postal Service or a Class Member.

1.44    "Wells Fargo" means Wells Fargo Advisors, LLC, a defendant in the Litigation.

1.45    "Wells Fargo Releasees" or "The Wells Fargo Releasees" means Wells Fargo, and each of its affiliates (including without limitation Wells Fargo & Co., Wells Fargo Advisors Financial Network, LLC, and all of each of those entities' parents and subsidiaries), predecessors, successors, divisions, investors, joint ventures and assigns, any benefit plan maintained by any of them and the trustees, fiduciaries, and administrators of any such plan, and each and all of these entities' past or present directors, officers, employees, agents, partners,

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders,

2   attorneys, accountants or auditors, banks or investment banks, associates, and personal or legal

3   representatives.

4          1.46    "William Stonhaus" or "Stonhaus" or "Plaintiff Stonehaus" means

5   William Stonhaus, an individual, the other named plaintiff in the Litigation.

6          2.    <u>The Settlement.</u>

7          2.1    *Payment and Other Obligations of Wells Fargo*.

8          2.1.1    Wells Fargo, through the Claims Administrator, and according to the

9   terms, conditions and procedures set forth in Section VI of this Stipulation, shall pay each

10   Participating Claimant his or her Settlement Sum.

11          2.1.2    As further detailed in Paragraphs 2.2.1, 2.2.2 and 2.2.3, and for each

12   payment made pursuant to Paragraphs 2.1.1, 2.6.1, 2.6.2, 2.8.1, and 2.8.2 of this Section VI,

13   Wells Fargo, itself or through the Claims Administrator, will report each payment to government

14   authorities including the Internal Revenue Service as required by law.  Wells Fargo will not,

15   unless otherwise required by law, make from the Settlement Sums any deductions or payments,

16   including without limitation, medical or other insurance payments or premiums, employee 401(k)

17   contributions or matching employer contributions, wage garnishments, or charity withholdings.

18   The Claims Administrator shall take from each Participating Claimant's Settlement Sum an

19   adjustment sufficient to pay the associated Payroll Taxes.  Payments made pursuant to this

20   Stipulation shall not be deemed wages earned or other compensation for purposes of any Wells

21   Fargo employment benefits or other benefits that accrue or are determined on the basis of wages

22   or compensation paid.

23          2.2    *Taxes*.

24          2.2.1    With regard to the payment described in Paragraph 2.1.1, Wells Fargo

25   shall treat each Settlement Sum payment as a payment for compensation, and Wells Fargo shall

26   take from each Settlement Sum all withholdings required by law.

27

28

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL • MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-13-

STIPULATION RE SETTLEMENT OF CLASS ACTION

2.2.2    Wells Fargo, itself or through the Claims Administrator, shall report the payment made pursuant to Paragraph 2.1.1 to the Internal Revenue Service (and other relevant governmental agencies) as wage income in the year of payment on the appropriate form(s) issued to the Participating Claimant in question.

2.2.3    Other than the withholding and reporting requirements set forth in Paragraphs 2.1.2, 2.2.1, 2.2.2, 2.8.1 and 2.8.2, Settlement Class Members shall be responsible for the reporting and payment of any federal, state and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Stipulation.  Wells Fargo makes no representations, and it is understood and agreed that Wells Fargo has made no representations, as to the taxability of any portions of the settlement payments to any Participating Claimants, the payment of any costs or an award of attorney fees, or any payments to the Class Representatives.  The Notice re: Pendency of Class Action will advise Class Members of the opportunity to seek their own tax advice prior to acting in response to that notice, and the Class Representatives and Class Counsel agree that Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the Class Notice.

2.3    *Approval of Notice to the Class and Scheduling of a Final Approval Hearing*.

2.3.1    The Settling Parties shall file this Stipulation with the Court and shall jointly move for preliminary approval of this Stipulation pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Via this submission, and a supporting motion, the Settling Parties shall request that the Court enter the Preliminary Approval Order thereby scheduling the Final Approval Hearing for the purposes of granting final approval of the settlement and obtaining entry of Judgment.  Via this same motion or a contemporaneously filed pleading, the Class Representatives, through Class Counsel shall advise the Court of the proposed payments set forth in Paragraphs 2.8.1 and 2.8.2 of this Section VI of this Stipulation.

2.3.2    If the Court enters the Preliminary Approval Order more than three (3) weeks after the date of the hearing on the motion(s) for preliminary approval, Class Counsel and

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

counsel for Wells Fargo shall meet and confer to reach agreement on revisions of the deadlines and timetables set forth in this Stipulation, if necessary.  In the event that the Settling Parties fail to reach such agreement, any of the Settling Parties may apply to the Court for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

   2.3.3 If the Court enters the Preliminary Approval Order, then at the resulting Final Approval Hearing, the Class Representatives through Class Counsel shall address any written objections from Class Members or any concerns from Class Members who attend the Final Approval Hearing as well as any concerns of the Court, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

   2.4 *Notice to Class Members*.

   2.4.1 If, by entering the Preliminary Approval Order, the Court provides authorization to send the Notice Re: Pendency of Class Action to Class Members, the Claims Administrator will mail to all Class Members at their Last Known Addresses the Notice Re: Pendency of Class Action.  This Notice Re: Pendency of Class Action shall be mailed via first class mail through the United States Postal Service, postage pre-paid.  The Class Notice shall include, as attached forms, a pre-printed change of address form, a pre-printed claim form and instructions on how to opt out of or object to the settlement.  The mailing enclosing the Class Notice will not contain any other materials, and except as provided in Paragraphs 2.4.7, 2.4.8 and 2.5.5, no other materials will be sent to any Class Member unless by the Claims Administrator or Class Counsel in response to a submission, request or other communication from a Class Member, provided this provision shall not prevent Class Counsel from responding to any communication from a Class Member about the Litigation, if one is received, prior to the mailing of the Class Notice.

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

2.4.2    This Notice Re: Pendency of Class Action and its envelope or covering shall be marked to denote the same return address of the Claims Administrator stated on the Settlement Claim Certification Form.

2.4.3    For each of the approximately 135 Class Members, Wells Fargo shall prepare for the Claims Administrator the (a) name; (b) Last Known Address and last known telephone numbers; (c) Social Security Number; and (d) Settlement Sum so that the Claims Administrator can engage in the processing and mailing of each Notice Re: Pendency of Class Action and the associated claims process.  None of this information will be provided to the Class Representatives or Class Counsel at this time.  (By approving this settlement, the Court will be deemed to have authorized Wells Fargo to provide the Claims Administrator with the Social Security numbers and/or other contact information of the Class Members described herein.)  The Claims Administrator shall confirm to Class Counsel that the aggregate total of the Settlement Sums provided by Wells Fargo equal the Net Settlement Fund.

2.4.4    Prior to mailing the Notice Re: Pendency of Class Action to each Class member, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address of each Class Member.  To the extent this process yields an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

2.4.5    Each of the Notices shall be mailed to the Last Known Addresses of the Class Members no later than the Notice Mailing Deadline.

2.4.6    Subject to the terms of Paragraph 1.14, Wells Fargo shall be responsible for all costs of the mailing described in Paragraph 2.4.1, including, but not limited to, the fees charged by the Claims Administrator, the cost of postage, the cost of reproducing the Notice Re: Pendency of Class Action, and any related costs incurred by the Claims Administrator.  The Class Representatives acknowledge that the agreement to pay these costs constitutes additional

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   consideration to the Class.  The Settling Parties acknowledge that the estimated cost of the claims

2   administration process will be approximately $15,000.

3           2.4.7      In the event that subsequent to the first mailing of a Notice Re: Pendency

4   of Class Action and prior to the Notice Response Deadline, that Notice is returned to the Claims

5   Administrator by the United States Postal Service with a forwarding address for the recipient, the

6   Claims Administrator shall re-mail the notice to that address, the notice will be deemed mailed

7   and received at that point, and the forwarding address shall be deemed the Updated Address for

8   that Class Member.  In the event that subsequent to the first mailing of a Notice Re: Pendency of

9   Class Action and prior to the Notice Response Deadline, that Notice is returned to the Claims

10  Administrator by the United States Postal Service because the envelope is marked "Return to

11  Sender," the Claims Administrator shall undertake another Reasonable Address Verification

12  Measure to attempt to ascertain the current address of the particular Class Member in question

13  and, if such an address is ascertained, the Claims Administrator will re-send the Notice within

14  three (3) days of receiving such information; if no Updated Address is obtained for that Class

15  Member, the Notice Re: Pendency of Class Action shall be sent again to the Last Known Address.

16  If any Class Member's Class Notice is returned as undeliverable for a second time, the Claims

17  Administrator shall notify counsel for the Settling Parties who shall meet and confer in an effort

18  to agree upon additional measures to deliver that Class Notice.

19          2.4.8      On the date that is thirty  (30) calendar days prior to the Notice Response

20  Deadline, the Claims Administrator will provide Class Counsel with contact information (as

21  provided to the Claims Administrator by Wells Fargo, and as updated per the terms of this

22  Stipulation) for all Class Members who have not submitted or fully completed claim forms to

23  become Participating Claimants by that date.  If a Class Member responds to any resulting

24  communication by asking how Class Counsel obtained the Class Member's contact information,

25  Class Counsel shall respond that they obtained the information from the Claims Administrator.

26  Class Counsel shall use the Class Member's contact information only for the purpose of

27

28

1    discussing with that Class Member this Litigation, or whether to submit a claim form to become a

2    Participating Claimant or for purposes of answering the Class Member's questions.

3         2.5    *Responses to the Notice Re: Pendency of Class Action; Motion for Final*

4    *Approval*.

5         2.5.1    Class Members have the option to participate in this Lawsuit at their own

6    expense by obtaining their own attorney(s).  Class Members who choose this option will be

7    responsible for any attorney fees or costs incurred as a result of this election.  The Notice Re:

8    Pendency of Class Action will advise Class Members of this option.

9         2.5.2    Class Members may also object to the Stipulation by filing written

10   objections with the Court and also submitting written copies of their objections to Class Counsel

11   and the Claims Administrator, all of which must be done no later than the Notice Response

12   Deadline for the objections to be valid.  The Notice Re: Pendency of Class Action will advise

13   Class Members of this option.  Class Counsel shall provide any such objections to Wells Fargo

14   and ultimately the Court.

15        2.5.3    Class Members who, for future reference and mailings from the Court or

16   Claims Administrator, if any, wish to change the name or address listed on the envelope in which

17   the Notice Re: Pendency of Class Action was first mailed to them, must fully complete, execute

18   and mail, per the instructions therein, the form entitled "Change of Name or Address

19   Information" attached to the Notice Re: Pendency of Class Action as Form A no later than the

20   Notice Response Deadline.

21        2.5.4    Class Members may elect to "opt out" of the Settlement Class and thus

22   exclude themselves from the Lawsuit and the Settlement Class.  Class Members who wish to

23   exercise this option must follow the instructions in the Class Notice.  If a valid Opt Out is not

24   received by the Claims Administrator from a Class Member postmarked on or before the Notice

25   Response Deadline, then that Class Member will be deemed to have forever waived his or her

26   right to opt out of the Settlement Class.  The Claims Administrator shall provide copies of any

27   Opt Outs to Class Counsel immediately upon receipt of the opt out form, as well as the Opt Outs'

28

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  contact information as updated by the Claims Administrator and provided to the Claims

2  Administrator by Wells Fargo, and any Opt Out election may be withdrawn by (a) the Notice

3  Response Deadline; or (b) ten (10) days after the Claims Administrator provides Class Counsel

4  with the Opt Out form, whichever is later.  Class Members who do not properly submit Opt Outs

5  shall be Members of the Settlement Class.  Class Members who do properly submit Opt Outs

6  shall have no further role in the Litigation, and for all purposes they shall be regarded as if they

7  never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of

8  this Litigation.

9           2.5.5      Class Members who do not opt out of the Settlement Class pursuant to

10 Paragraph 2.5.4 may submit claims to become Participating Claimants.  A Class Member who

11 wishes to exercise this option must substantially complete, execute and send (by mail or email),

12 per the instructions therein, a Settlement Claim Certification Form.  If a timely submitted and

13 fully completed Qualifying Settlement Claim Certification Form is not actually received by mail

14 or email by the Claims Administrator from a Class Member with a postmark (or date stamp if by

15 email) on or before the Notice Response Deadline, then that Class Member will be deemed to

16 have forever waived his or her right to be a Participating Claimant and to receive payment under

17 this settlement.  As long as they do not properly submit Opt Out letters, Class Members who do

18 not become Participating Claimants shall be deemed Members of the Settlement Class and shall

19 be subject to the Judgment.[1]  Only Participating Claimants shall be entitled to payment pursuant

20 to the Judgment.  If the Claims Administrator receives a substantially incomplete or defective

21 Settlement Claim Certification Form from a Class Member postmarked or date stamped if sent by

22 email prior to the Notice Response Deadline, then the Claims Administrator shall send that Class

23 Member a cure letter advising that person of the missing information or other defect, and that

24 Class Member shall have ten (10) days (only twice) from the date the cure letter is received to

25

26 [1]  Members of the Settlement Class who do not become Participating Claimants by submitting a timely
    claim but who have a separate, individual action pending against Wells Fargo as of the Preliminary

27 Approval Date that includes a claim for unvested compensation under a Wells Fargo Compensation Plan
    that was forfeited due to the Financial Advisor's (1) declining to sign a non-compete agreement and/or (2)

28 going to work for a competitor of Wells Fargo, shall not have that existing specific claim for unvested
    compensation precluded by the Release in this Stipulation.

1  provide a revised Settlement Claim Certification Form, even if this extra ten day period extends

2  beyond the Notice Response Deadline.  The Claims Administrator shall also at the time it sends a

3  letter to a Class Member concerning a defective or incomplete claim form, provide to Class

4  Counsel notice and contact information for each such Class Member.  If any Class Member

5  successfully disputes the amount of his or her Settlement Sum, the additional amount paid to that

6  Class Member will be paid from the amount that would revert to Wells Fargo in the event that

7  fewer than 100% of Participating Claimants submit Qualifying Settlement Claim Certification

8  Forms.  The total paid to all Participating Claimants, however, shall not exceed the applicable Net

9  Settlement Fund.

10           2.5.6    The Class Notice mailed to each Class Member will contain, in the

11  appropriate space, his or her Settlement Sum as well as a description of how it was calculated.  If

12  a Class Member wishes to dispute this information and seek a larger Settlement Sum, the Class

13  Member must submit, in advance of the Notice Response Deadline, a signed dispute explaining

14  the reasons for such a dispute, and any supporting documents.  No dispute will be valid if

15  postmarked after the Notice Response Deadline.  Counsel for the Settling Parties shall meet and

16  confer on all such disputes following the Notice Response Deadline in an effort to resolve them.

17  If any disputes remain unresolved following this meet and confer effort, the Settling Parties shall

18  seek the guidance of Claims Administrator and resolve the matter on the basis of this guidance.  If

19  no compromise is reached, the dispute can presented to the Court for resolution.  In any such

20  dispute, the records of Wells Fargo shall be entitled to presumptive weight and shall be deemed

21  superior evidence to the mere recollection or memory of the Class Member in question.

22           2.5.7    No later than fifteen (15) days after the Notice Response Deadline, the

23  Claims Administrator shall provide to counsel for the Settling Parties a declaration confirming the

24  mailing of the Class Notice, the number of valid Opt Outs and the names of the people who

25  submitted them and the associated claim amount for each such person, the claims rate (both per

26  capita and per dollar), any calculation disputes received, and any objections to the settlement

27  received.  No later than fifteen (15) days after the Notice Response Deadline, the Claims

28

BARTKO ZANKEL BUNZEL

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Administrator shall provide Class Counsel a list of all Class Members who submitted claims and became Participating Claimants.  The Claims Administrator shall not provide Wells Fargo with the names of Participating Claimants provided, however, that this information will be made available to Wells Fargo to the extent Wells Fargo requests it and represents that such information is necessary to defend against a present or future claim from a Class Member or Class Members.

2.5.8   Prior to the Final Approval Hearing and by the Final Approval Hearing Motion Date, if feasible, the Class Representatives through Class Counsel shall move the Court for entry of the Order of Final Approval (and the associated or eventual entry of Judgment), providing Wells Fargo with advance notice of the motion and the associated opportunity to comment to Wells Fargo.  Through this motion, the Class Representatives through Class Counsel shall advise the Court of the agreements in Paragraphs 2.8.1 and 2.8.2 of this Stipulation.  Class Counsel shall separately move for, and be responsible for justifying, approval for the agreed upon payments set forth in Paragraphs 2.8.1 and 2.8.2 of this Stipulation.  To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Final Approval Hearing, *i.e.*, the Final Approval Hearing Date.  The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval and Judgment.  If the Court fails to enter the Order of Final Approval, or if the Court fails to enter the Judgment, this Stipulation shall be void *ab initio*, and the parties shall return to the Litigation as if no settlement had been entered, and Wells Fargo shall have no obligation to make any payments under the Stipulation.

2.5.9   None of the deadlines for Class Member responses set forth in Paragraphs 2.5.2, 2.5.3, 2.5.4, and 2.5.5 can be modified or extended by the Court, absent the express agreement of both of the Settling Parties.

2.6   *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members*.

2.6.1   Within fourteen (14) days of and only after the Effective Date, Wells Fargo, through the Claims Administrator, shall pay to each Participating Claimant his or her Settlement Sum.  Wells Fargo agrees that it will pay to each Participating Claimant his or her

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  Settlement Sum without offset for any debt Wells Fargo claims the Participating Claimant owes

2  under a promissory note or similar obligation.

3          2.6.2     In accordance with the terms of Paragraphs 2.1.1 and 2.1.2, the Claims

4  Administrator shall issue to each Participating Claimant a check payable to the Participating

5  Claimant from an account administered by the Claims Administrator but funded by Wells Fargo

6  for his or her the Settlement Sum subject to any required withholdings or deductions.  The Claims

7  Administrator shall mail this check to each Participating Claimant at his or her Last Known

8  Address, or Updated Address if obtained.  Checks issued to Participating Claimants pursuant to

9  this Agreement shall remain negotiable for a period of ninety (90) days from the date of mailing,

10  and the funds associated with any checks which are not properly or timely negotiated shall remain

11  the property of Wells Fargo and shall not be paid to any Person other than Wells Fargo.  The

12  Settling Parties hereby agree that such funds represent settlement payments for matters in dispute,

13  not uncontested wage payments, and they shall not be subject to escheat rules, nor shall they be

14  subject to any *cy pres* or other distribution not provided for in this Stipulation.  Any finding by the

15  Court to the contrary shall be grounds for Wells Fargo to rescind the settlement at its option.

16  Participating Claimants who fail to negotiate their settlement checks in a timely fashion shall

17  remain subject to the terms of the Judgment.

18          2.6.3     Following all of the payments to Participating Claimants referred to in

19  Paragraph 2.6.2, the Claims Administrator shall provide counsel for the Settling Parties with a

20  written confirmation of this mailing.  Upon receipt of this confirmation, Wells Fargo can file a

21  notice of satisfaction of judgment and if requested, Class Counsel will file a statement that they

22  are informed and believe on the basis of the report of the Claims Administrator that Wells Fargo

23  has satisfied the Judgment.

24          2.7     *Releases*.

25          2.7.1     Upon the Effective Date, the Class Representatives and each of the

26  Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have,

27  fully, finally, and forever released, relinquished and discharged all Released Claims.

28

BARTKO ZANKEL BUNZEL
A PROFESSIONAL LAW CORPORATION
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

2.8     *Costs, Attorney Fees and Class Representative Enhancements.*

2.8.1     Class Counsel shall be entitled, subject to the approval of the Court and the occurrence of the Effective Date, to recover their reasonable litigation costs, associated expenses and attorney fees from Wells Fargo pursuant to applicable law.  Wells Fargo agrees that Class Counsel shall seek to recover fees and costs in the amount of $ 1,855,000.  Class Counsel and the Class Representatives will not seek to recover any other attorney fees, costs or expenses incurred in this Litigation.  Class Counsel agree that they shall be responsible for seeking and justifying their fee and cost award to the Court, and they agree to submit the necessary materials. Wells Fargo will not oppose an award that is consistent with this Paragraph 2.8.1, *i.e.*, a total, combined award that does not exceed $1,855,000.  Any amount less than $1,855,000 awarded by the Court, shall revert to or remain the property of Wells Fargo.  Before Wells Fargo makes any payment pursuant to this Paragraph, Class Counsel shall provide counsel for Wells Fargo with the pertinent taxpayer identification number(s) and a Form W-9(s) for reporting purposes and written instructions concerning the allocation among Class Counsel.  Other than any reporting of this fee payment as required by this Stipulation or law, which reports Wells Fargo shall make and provide copies to Class Counsel and the Class Representatives shall be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this paragraph.  The payment awarded and made pursuant to this paragraph shall constitute full satisfaction of any claim for fees or costs or any other expenses, and the Class Representatives and Class Counsel, on behalf of themselves and all Settlement Class Members, agree that they shall neither seek nor be entitled to any additional attorney fees or costs under any theory nor shall they seek an award in excess of the amount specified herein.  Not more than fourteen (14) days after the Effective Date, and only in the event that the Effective Date occurs, Wells Fargo shall pay the fee and cost awards approved by the Court pursuant to this Paragraph 2.8.1 directly to Class Counsel.  Other than as provided in this Paragraph 2.8.1 for the limited purpose discussed herein, no party shall be deemed the prevailing party for any other purposes of the Litigation, and all parties shall bear their own costs.

BARTKO ZANKEL BUNZEL
BARTKO·ZANKEL·BUNZEL·MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

2.8.2     No more than fourteen (14) days after the Effective Date, and subject to Court approval and provided Kennison Wakefield and William Stonhaus each execute a more complete general release acceptable to Wells Fargo and consistent with the following provisions, the Claims Administrator (from an account funded by Wells Fargo) shall forward a check payable to Kennison Wakefield and William Stonhaus, respectively, in their personal capacities only and via their counsel of record, in the gross amount of any award ordered by the Court not to exceed $10,000 each as an enhancement payment.  Kennison Wakefield and William Stonhaus themselves (and not on behalf of the Class or any other Class Members) hereby (and through the release document to be signed) release, acquit and discharge the Wells Fargo Releasees, and any of them, from any and all claims, demands, claims for costs and attorneys' fees, or causes of action of any kind whatsoever (upon any legal or equitable theory whether contractual, common law, statutory, Federal, State or otherwise), whether known or unknown, that arose, accrued or took place at any time on or prior to the date on which this Stipulation is executed.  Kennison Wakefield and William Stonhaus further confirm that they are not currently asserting and will not in the future assert any claims for workplace injury against Wells Fargo Releasees.  Through this release (and through the release document to be signed), Kennison Wakefield and William Stonhaus expressly waive the benefit of Section 1542 of the California Civil Code, the terms of which are set forth in Paragraph 1.42.  Kennison Wakefield and William Stonhaus agree and represent (and through the release document to be signed, will agree and represent) that they have not assigned or in any way conveyed, transferred or encumbered all or any portion of the claims or rights otherwise released.  Kennison Wakefield and William Stonhaus agree that Wells Fargo shall report the payment described in this Paragraph to the Internal Revenue Service as non-Wage income to them in the year of payment.  This reporting shall be done via a Form 1099, and Kennison Wakefield and William Stonhaus will take full responsibility for the payment of any outstanding taxes due.  Kennison Wakefield and William Stonhaus agree that if Wells Fargo so desires, they will each separately execute a discrete document confirming this release.  Beyond the payment described in this paragraph, Kennison Wakefield and William Stonhaus shall also be

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  deemed Participating Claimants and shall receive the Settlement Sum to which they are each

2  entitled under this Stipulation.  Notwithstanding the terms of this Stipulation, nothing in this

3  Stipulation shall by itself preclude any Class Member who is also a member of the settlement

4  class in the case entitled *Jones v. Wells Fargo Advisors, LLC*, Case No. CGC-13-531846, from

5  seeking to participate and participating in the settlement of that matter, regardless of overlap in

6  the claims released in each settlement.

7          2.8.3       Unless otherwise expressly provided, Wells Fargo shall have no

8  responsibility for, and no liability whatsoever with respect to, the allocation among the Class

9  Representatives, Class Counsel and/or any other Person who may assert some claim thereto, of

10  any award or payment issued or made in the Litigation or pursuant to this Stipulation, including,

11  but not limited to, any award or payment pursuant to Paragraphs 2.8.1 or 2.8.2.

12          2.9     *Claims Administrator*.

13          2.9.1       Wells Fargo shall be responsible for the fees and expenses reasonably

14  incurred by the Claims Administrator as a result of procedures and processes expressly required

15  by this Stipulation.  The Class Representatives and Class Counsel shall have no responsibility for

16  such fees or expenses.  The Settling Parties anticipate that the total fees and expenses incurred by

17  the Claims Administrator will be approximately $15,000, but the Settling Parties understand and

18  agree that this figure represents just an estimate, and the sum charged by the Claims

19  Administrator may be different, and Wells Fargo shall be responsible for any additional incurred

20  costs.

21          2.9.2       The actions of the Claims Administrator shall be governed by the terms

22  of this Stipulation.  Wells Fargo may provide relevant information needed by the Claims

23  Administrator pursuant to this Stipulation, and any Settling Party may engage in communications

24  with the Claims Administrator without notice to the opposing party or the Court.  Wells Fargo

25  may make payment to the Claims Administrator for its services and engage in related

26  communications with the Claims Administrator without notice or copies to Class Counsel, any

27  Class Members or the Court.

28

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1     2.9.3     In the event that any of the Settling Parties take the position that the

2 Claims Administrator has not acted in accordance with the terms of the Stipulation, that party's

3 counsel shall meet and confer with counsel for the other Settling Parties prior to raising any such

4 issue with the Court.

5     2.10    *Termination of Settlement*.

6     2.10.1     In the event that the settlement set forth in this Stipulation shall not be

7 approved in its entirety by the Court, or in the event that the Effective Date does not occur, Wells

8 Fargo shall have the option to void the settlement, and in such case, no payments shall be made

9 by Wells Fargo to anyone in accordance with the terms of this Stipulation, and this Stipulation

10 shall be deemed null and void with no effect on the Lawsuit whatsoever.  If the Court changes the

11 dates of hearings provided for in this Stipulation by fewer than three (3) months, this shall not be

12 deemed a substantial change necessitating termination of the settlement, provided that the Settling

13 Parties agree to move other dates and deadlines in the Stipulation accordingly.  If the Court (or an

14 appeals court) awards less than the maximum or sought amounts for attorney fees, costs, and/or

15 enhancement, this shall not be a basis for voiding the settlement.  In the event that (a) seven (7)

16 percent or more of the Class Members opt out of the Settlement Class by submitting Opt Outs

17 pursuant to Paragraph 2.5.4, or (b) the amount attributable to the claims of the Opt Outs exceeds

18 seven (7) percent of the Net Settlement Fund, Wells Fargo shall have the right to (but shall not be

19 required to) terminate and void this settlement and Stipulation pursuant to Paragraph 2.11.5.

20     2.11    *Miscellaneous Provisions*.

21     2.11.1     No Person shall have any claim against Class Counsel, the Claims

22 Administrator, or any of the Wells Fargo Releasees based on the payments made or other actions

23 taken substantially in accordance with the Stipulation and the settlement contained therein or

24 further orders of the Court.

25     2.11.2     The only Class Members entitled to any payment under this Stipulation

26 and the associated Judgment are Participating Claimants, and they shall be entitled to their

27 respective Settlement Sums only.  Subject to Paragraph 2.11.3, any funds that would have been

28

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  paid to Class Members who had become Participating Claimants, but are not paid to them because

2  they did not become Participating Claimants, shall remain the property of or revert to Wells

3  Fargo.  This Stipulation and the associated Judgment do not and will not create any unpaid

4  residue or unpaid residual, and no distribution of such shall be required.  Any finding to the

5  contrary will be grounds for Wells Fargo to void the settlement.

6         2.11.3    This settlement shall result in the release by Settlement Class Members

7  of all Released Claims under the California Private Attorney Generals Act of 2004, codified at

8  California Labor Code section 2698 *et seq*.  As part of this settlement, and subject to Court

9  approval, the Claims Administrator (from an account funded only by Wells Fargo) will pay

10  $7,500 out of the Additional Settlement Amount to the California Labor and Workforce

11  Development Agency.  The Settling Parties agree that this payment of a maximum of $7,500 to

12  settle these claims is appropriate and proper consideration.

13         2.11.4    In the event that the Stipulation is not substantially approved by the

14  Court or the settlement set forth in the Stipulation is terminated, cancelled, declared void or fails

15  to become effective in accordance with its terms, or if the Judgment does not become Final, or to

16  the extent cancellation is otherwise provided for in this Stipulation, the Settling Parties shall

17  resume the Litigation at that time as if no Stipulation had been entered.  In such event, the terms

18  and provisions of the Stipulation shall have no further force and effect with respect to the Settling

19  Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any

20  Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be

21  treated as vacated, *nunc pro tunc*.  Notwithstanding any other provision of this Stipulation, no

22  order of the Court or modification or reversal on appeal of any order of the Court concerning the

23  amount of any attorney fees to be paid by Wells Fargo to Class Counsel shall constitute grounds

24  for cancellation or termination of the Stipulation or grounds for limiting any other provision of the

25  Judgment, provided that Wells Fargo shall never be required to pay in excess of the amount

26  specified in Paragraph 2.8.1 specifically or the sum of the Maximum Settlement Amount and the

27  Additional Payment Amount generally.  It is agreed that no order of the Court, except any order

28

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL WALLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

reducing the attorney fees and/or costs below the maximum permitted in this Stipulation, may alter the Maximum Settlement Amount or Additional Payment Amount or otherwise increase any of the specific figures set forth in Paragraphs 1.2, 1.14, 1.14.1, and 1.14.2.

2.11.5     Unless otherwise ordered by the Court, in the event the Stipulation shall be terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment is reversed on appeal, within twenty (20) business days after written notification of such event, Wells Fargo and Class Counsel shall notify each other of this event in writing.

2.11.6     The Settling Parties:  (a) acknowledge that it is their intent to consummate this agreement; (b) agree to cooperate to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation; and (c) agree to seek and to attempt to obtain Court approval for the Stipulation.  The parties to this agreement recognize and acknowledge that at the time of the execution of the settlement, there are unsettled issues of law and fact. The parties further recognize that they are reaching this settlement in light of the risks created by these and other unresolved issues and that the parties will take all efforts to enforce their settlement agreement and obtain court approval for their settlement regardless of developments in the future on these issues.

2.11.7     The Stipulation compromises claims which were contested and the subject of a good faith dispute, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense.  The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated at arms-length and in good faith with sufficient information by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.11.8     The Settling Parties agree that the Notice Response Deadline shall not be extended, and no untimely submissions or claims will be honored, under any circumstances. Notwithstanding the forgoing, a Class Member will be allowed to extend the Notice Response

Deadline for him or herself if and only if, within thirty (30) days after the Notice Response Deadline, he or she can demonstrate legal incapacity or another objective basis that precluded him or her from responding to the Class Notice (such as military service, incarceration, hospitalization or international travel during the entire notice response period) during the Notice Period.  The mere fact that a Class Member did not actually receive the notice or encountered difficulties with mail service shall not be a basis for extending the Notice Response Deadline.  The Settling Parties agree that the establishment and enforcement of the Notice Response Deadline is valuable consideration to Wells Fargo, and the finality provided thereby is a material aspect of this agreement.  Any ruling to the contrary by the Court or any ruling allowing the filing of any responses to the Class Notice following the Notice Response Deadline, absent legal incapacity by the Class Member in question, shall provide Wells Fargo the option to void the Stipulation.

2.11.9    The Settling Parties agree to a seventy percent (70%) payment floor such that to the extent that Qualifying Settlement Claim Certification forms are submitted that cover less than seventy percent (70%) of the Net Settlement Fund, then the Claims Administrator shall calculate the total amount equal to (a) the amount that would have been paid to Participating Claimants had the claims rate been exactly seventy percent of the Net Settlement Fund minus (b) the gross amount actually claimed by Participating Claimants.  This amount shall be referred to as the "Total Supplemental Amount."  The Claims Administrator shall then apportion the Total Supplemental Amount, following any adjustments provided for in this Stipulation, among the Settlement Sums of the Participating Claimants on a pro rata basis according to their initial Settlement Sums, and the Claims Administrator shall add this apportioned amount to the Settlement Sum of each Participating Claimants and pay the Participating Claimant this revised Settlement Sum per the provisions of this Stipulation.  The Settling Parties agree and understand that (a) if Qualifying Settlement Claim Certification forms are submitted that cover seventy percent (70%) or more of the Net Settlement Fund, then this provision will not apply and there will be no Total Supplemental Amount; and (b) if Qualifying Settlement Claim Certification forms are submitted that cover less than seventy percent (70%) of the Net Settlement Fund, then

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL
BARTKO·ZANKEL·BUNZEL·MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   this provision will operate to increase the Settlement Sums of the Participating Claimants so that

2   they are, in the aggregate, seventy percent (70%) (but only seventy percent) of the Net Settlement

3   Fund.

4          2.11.10   Neither the Stipulation nor the settlement, nor any act performed or

5   document executed pursuant to, or in furtherance of, the Stipulation or the settlement:  (a) is or

6   may be deemed to be or may be used as an admission of, or evidence of, the validity of any

7   Released Claim, or of any wrongdoing or liability of the Wells Fargo Releasees, or any of them;

8   or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or

9   omission of the Wells Fargo Releasees, or any of them, in any civil, criminal or administrative

10   proceeding in any court, administrative agency or other tribunal.

11          2.11.11   All of the exhibits to the Stipulation are material and integral parts hereof

12   and are fully incorporated herein by this reference.

13          2.11.12   The Stipulation may be amended or modified only by a written

14   instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

15          2.11.13   The Stipulation constitutes the entire agreement among the Settling

16   Parties hereto and no representations, warranties or inducements have been made to any party

17   concerning the Stipulation or its exhibits other than the representations, warranties and covenants

18   contained and memorialized in such documents.  Except as otherwise provided herein, each party

19   shall bear its own costs.

20          2.11.14   Class Counsel, on behalf of the Class, are expressly authorized by the

21   Class Representatives to take all appropriate action required or permitted to be taken by the Class

22   pursuant to the Stipulation to effect its terms and also are expressly authorized to enter into any

23   modifications or amendments to the Stipulation on behalf of the Class which they deem

24   appropriate.

25          2.11.15   Each counsel or other Person executing the Stipulation or any of its

26   exhibits on behalf of any party hereto hereby warrants that such Person has full and express

27   authority to do so.

28

2.11.16    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

2.11.17    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto, however, this Stipulation is not designed to and does not create any third party beneficiaries unless otherwise specifically provided herein.

2.11.18    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

2.11.19    The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

2.11.20    The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.  No party shall be deemed the drafter of this Stipulation.  The parties acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the parties and their counsel.  Each party and his/its counsel cooperated in the drafting and preparation of the Stipulation.

2.11.21    Prior to the joint submission of the settlement agreement to the Court for preliminary approval by the parties, neither the Class Representatives nor Class Counsel or Wells Fargo shall communicate any terms of this settlement to any third parties.  Wells Fargo, Class Representatives or Class Counsel may respond to individual class members who inquire about the settlement.  Following the submission for preliminary approval and until Effective Date, Wells Fargo, the Class Representatives and Class Counsel shall not publicize the settlement in this action or the terms thereof via press releases, public announcements or by otherwise

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  the media prior to Effective Date concerning this Settlement, and in the event of any inquiries

2  about the case from the media prior to Effective Date, shall state that they believe the settlement is

3  fair and that Wells Fargo denied all allegations and has admitted no wrongdoing.  Notwithstanding

4  the foregoing, this shall not prohibit Class Counsel from (a) discussing this case with any court or

5  opposing counsel; (b) responding to any communications by class members following preliminary

6  approval; (c) posting on Class Counsel's website information about their status as class counsel in

7  this matter or information for Class Members concerning this litigation; (d) providing information

8  about this litigation or to describe Class Counsel's experience on their website, or in court filings,

9  or to potential class representatives in new cases, for the purpose of demonstrating their

10  qualifications to act as class counsel.

11

12          IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

13  executed, and this Stipulation is AGREED TO.

14

15

16  DATED: November 12, 2014          By: _____
                                          Plaintiff Kennison Wakefield
17

18  DATED: November ___, 2014         By: _____
                                          Plaintiff William Stonhaus
19

20

21  DATED: November ___, 2014         WELLS FARGO ADVISORS, LLC

22                                    By: _____
23                                        Authorized Agent for Wells Fargo
                                          Advisors, LLC
24

25

26

27

28

**BARTKO ZANKEL BUNZEL**
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

2437.000/860232.1                    -32-

1  the media prior to Effective Date concerning this Settlement, and in the event of any inquiries
2  about the case from the media prior to Effective Date, shall state that they believe the settlement is
3  fair and that Wells Fargo denied all allegations and has admitted no wrongdoing.  Notwithstanding
4  the foregoing, this shall not prohibit Class Counsel from (a) discussing this case with any court or
5  opposing counsel; (b) responding to any communications by class members following preliminary
6  approval; (c) posting on Class Counsel's website information about their status as class counsel in
7  this matter or information for Class Members concerning this litigation; (d) providing information
8  about this litigation or to describe Class Counsel's experience on their website, or in court filings,
9  or to potential class representatives in new cases, for the purpose of demonstrating their
10  qualifications to act as class counsel.

11
12            IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be
13  executed, and this Stipulation is AGREED TO.
14
15
16  DATED:  November _12_, 2014          By: _____
17                                          Plaintiff Kennison Wakefield
18  DATED:  November ___, 2014          By: _____
19                                          Plaintiff William Stonhaus
20
21  DATED:  November ___, 2014          WELLS FARGO ADVISORS, LLC
22                                       By: _____
23                                          Authorized Agent for Wells Fargo
                                            Advisors, LLC
24
25
26
27
28

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

2437.000/860232.1                        -32-

1   the media prior to Effective Date concerning this Settlement, and in the event of any inquiries

2   about the case from the media prior to Effective Date, shall state that they believe the settlement is

3   fair and that Wells Fargo denied all allegations and has admitted no wrongdoing.  Notwithstanding

4   the foregoing, this shall not prohibit Class Counsel from (a) discussing this case with any court or

5   opposing counsel; (b) responding to any communications by class members following preliminary

6   approval; (c) posting on Class Counsel's website information about their status as class counsel in

7   this matter or information for Class Members concerning this litigation; (d) providing information

8   about this litigation or to describe Class Counsel's experience on their website, or in court filings,

9   or to potential class representatives in new cases, for the purpose of demonstrating their

10  qualifications to act as class counsel.

11

12          IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

13  executed, and this Stipulation is AGREED TO.

14

15

16  DATED:  November __, 2014              By:_____
                                             Plaintiff Kennison Wakefield

17

18  DATED:  November __, 2014              By:_____
                                             Plaintiff William Stonhaus

19

20

21  DATED:  November _12_, 2014            WELLS FARGO ADVISORS, LLC

22                                         By:_____

23                                             Authorized Agent for Wells Fargo
                                             Advisors, LLC

24

25

26

27

28

- 32 -

1  APPROVED AS TO FORM:

2  DATED:  November 12, 2014          BARTKO, ZANKEL, BUNZEL & MILLER

3

4                                      By: _____
                                            ROBERT M. BUNZEL
5                                           Attorneys for Plaintiffs

6

7  DATED:  November __, 2014          MUNGER, TOLLES & OLSON LLP

8

9                                      By: _____
                                            TERRY E. SANCHEZ
10                                          Attorneys for Defendant
                                            WELLS FARGO ADVISORS, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

2437.000/860232.1

-33-
STIPULATION RE SETTLEMENT OF CLASS ACTION

1  APPROVED AS TO FORM:

2  DATED:  November __, 2014          BARTKO, ZANKEL, BUNZEL & MILLER

3

4                                     By:_____

5                                          ROBERT M. BUNZEL
                                            Attorneys for Plaintiffs
6

7  DATED:  November *12*, 2014        MUNGER, TOLLES & OLSON LLP

8

9                                     By:_____

10                                         TERRY E. SANCHEZ
                                            Attorneys for Defendant
11                                          WELLS FARGO ADVISORS, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] NOTICE OF FINAL APPROVAL

25005218.3

# EXHIBIT 1

WILLIAM I. EDLUND (State Bar No. 25013)
ROBERT H. BUNZEL (State Bar No. 99395)
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California  94111
Telephone:     (415) 956-1900
Facsimile:      (415) 956-1152

Attorneys for Plaintiffs KENNISON WAKEFIELD, *et al.*

MALCOLM A. HEINICKE (State Bar No. 194174)
malcolm.heinicke@mto.com
MARJA-LIISA OVERBECK (State Bar No. 261707)
mari.overbeck@mto.com
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105
Telephone:     (415) 512-4000
Facsimile:      (415) 644-6929

Attorneys for Defendants WELLS FARGO & COMPANY;
WELLS FARGO ADVISORS, LLC; and WELLS FARGO
ADVISORS FINANCIAL NETWORK, LLC

[ADDITIONAL COUNSEL ON NEXT PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNISON WAKEFIELD, WILLIAM STONHAUS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO & COMPANY, WELLS FARGO ADVISORS, LLC, AND WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC and DOES 1 through 20,<br><br>        Defendants. | CASE NO.  3:13-CV-05053-LB<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING SETTLEMENT HEARING**<br><br>Judge:       Hon. Laurel Beeler<br>Date:<br>Time:<br>Crtrm.:      C |

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1

**[ADDITIONAL COUNSEL]**

2  CHARLES G. MILLER (State Bar No. 39272)
   SONY B. BARARI (State Bar No. 243379)
3  BARTKO, ZANKEL, BUNZEL & MILLER
   A Professional Law Corporation
4  One Embarcadero Center, Suite 800
   San Francisco, California  94111
5  Telephone:     (415) 956-1900
   Facsimile:     (415) 956-1152

6

7  MICHAEL S. TAAFFE, admitted *pro hac vice*
   JARROD J. MALONE, admitted *pro hac vice*
   MICHAEL D. BRESSAN, admitted *pro hac vice*
8  SHUMAKER, LOOP & KENDRICK, LLP
   240 South Pineapple Avenue, 10th Floor
9  Sarasota, FL 34236

10  Attorneys for Plaintiffs KENNISON WAKEFIELD, *et al.*

11  TERRY E. SANCHEZ (State Bar No. 101318)
    terry.sanchez@mto.com
12  MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue, 35th Floor
13  Los Angeles, CA  90071-1560
    Telephone:     (213) 683-9100
14  Facsimile:     (213) 683-4015

15  Attorneys for Defendants WELLS FARGO & COMPANY,
    WELLS FARGO ADVISORS, LLC, AND WELLS FARGO
16  ADVISORS FINANCIAL NETWORK, LLC

17

18

19

20

21

22

23

24

25

26

27

28

BARTKO ZANKEL BUNZEL
BARTKO·ZANKEL·BUNZEL·MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

2437.000/860232.1

-36-

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL

The motion of Plaintiffs Kennison Wakefield and Williams Stonhaus, on behalf of themselves and all those similarly situated, for an order preliminarily approving a class action settlement and setting a settlement hearing came on for hearing on **[fill in date]**.  The Court has considered the Stipulation Re: Settlement of Class Action (and its exhibits), the submissions of counsel, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefor, the Court finds as follows:

1.      All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re: Settlement of Class Action executed by the Settling Parties and filed with this Court (the "Stipulation");

2.      Plaintiffs and Wells Fargo, through their counsel of record in the Litigation and per the terms of the Stipulation, have reached an agreement to resolve the Litigation and settle all Released Claims;

3.      Significant investigation and research have been conducted such that counsel for the parties at this time are able to reasonable evaluate their respective positions.  Settlement at this time will avoid substantial costs, delay and risks that would be presented by further litigation.  The proposed settlement has been reached as a result of serious, informed, and non-collusive negotiations between the parties;

4.      The proposed settlement does not appear to improperly grant preferential treatment to the Class Representatives or segments of the Class;

5.      The Court finds that provisional certification of the proposed Class, for the purposes of approving this settlement only, is appropriate and meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure:  (a) the proposed Class is so numerous that joinder of all members of the class is impracticable, in that it includes over a hundred financial advisors; (b) the proposed Class is ascertainable because the class definition allows members of the Class to identify themselves as having a right to recover based on the definition, (c) for purposes of effectuating this settlement, there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative are typical of the claims of the members of the proposed Class; (d) the Class Representative has and will fairly and adequately protect the interests of the Members of the Class; (e) for purposes of effectuating this settlement, a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative is qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class;

6.      The Court finds the Stipulation, incorporated herein by this reference and made a part of this Order re Preliminary Approval except as modified herein, is within the range of reasonableness and meets the requirements for preliminary approval.  It further appears to the Court on a preliminary basis that the proposed payments are fair and reasonable to the Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues and potential appeals of rulings.

7.      The proposed Claims Administrator, Rust Consulting, is an adequate Administrator for notice purposes and processing o claims.

8.      The moving party has also presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the options facing the Class including, *inter alia*:  to opt out of the class action, to be represented by counsel of their choosing, to object to the settlement, to remain in the Settlement Class, and/or to submit a Settlement Claim Certification Form and seek to be a Participating Claimant.  The notice advises the Class of the date for the Final Approval hearing.  The notice will be mailed to all Class Members at their Last Known Addresses as provided by Wells Fargo, with provisions for address verification.  The notice plan proposed by the Settling Parties is the best practical under the circumstances.  The proposed notice, which is attached to the Settlement Stipulation as Exhibit __ and incorporated herein by reference, is made a part of this Order of Preliminary Approval.  The proposed notice fairly and adequately advises the Class of the terms of the proposed settlement and the benefits available to the Class, as well as their right to opt out, object, and/or make a

BARTKO ZANKEL BUNZEL
BARTKO·ZANKEL·BUNZEL·MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

claim, and the procedures for doing so.  The proposed notice and mailing procedures complies with all Constitutional requirements, including those of due process.

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class is certified, and the Stipulation of Settlement is preliminarily approved.

2.      Plaintiffs Kennison Wakefield and William Stonhaus are approved as Class Representatives.

3.      Bartko, Zankel, Bunzel & Miller and Shumaker, Loop & Kendrick, LLP are appointed Class Counsel.

4.      Rust Consulting is appointed as Claims Administrator.

5.      Notice of the proposed settlement, and the rights of Class Members, including the right to opt out of the settlement or become a Participating Claimant, shall be given by mailing of the Notice to Class Members Re: Pendency of a Class Action by first class, postage prepaid, to all Class Members pursuant to the applicable provisions in the Stipulation.  Wells Fargo shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation;

6.      A hearing shall be held before this Court on **[fill in date]** at **[fill in time]** to consider whether the settlement should be given final approval by the Court:

(a)      Written objections by Class Members to the proposed settlement will be considered if received by the Court and Class Counsel on or before the Notice Response Deadline;

(b)      At the Final Approval Hearing, Class Members may be heard orally in support of or in opposition to the settlement;

(c)      Class Counsel and counsel for Wells Fargo should be prepared at the hearing to respond to objections filed by Class Members, and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1       (d)    At the Final Approval Hearing, the Court shall consider any motions or

2 applications for attorney fees, costs and litigation expenses, and incentive payment to the Class

3 Representatives, consistent with the Stipulation.

4       7.    The Settling Parties are directed to follow the schedule contained in Exhibit

5 5 of the Stipulation.

6       8.    In the event that the Effective Date occurs, all Settlement Class Members

7 will be deemed to have forever released and discharged the Released Claims.  In the event that the

8 Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and

9 void and shall have no effect whatsoever.

10       9.    Pending further order of the Court, all proceedings in this matter except

11 those contemplated herein and in the Settlement Stipulation are stayed.

12       10.    The Court expressly reserves the right to adjourn or continue the Final

13 Approval Hearing without further notice to the Class.

14       **PURSUANT TO STIPULATION, IT IS SO ORDERED**.

15

16 DATED: _____    _____

17                 The Honorable Laurel M. Beeler

18

19

20

21

22

23

24

25

26

27

28

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

**EXHIBIT 2**

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNISON WAKEFIELD, WILLIAM STONHAUS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>WELLS FARGO & COMPANY, WELLS FARGO ADVISORS, LLC, AND WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC and DOES 1 through 20,<br><br>        Defendants. | CASE NO. 3:13-CV-05053-LB<br><br>**[PROPOSED] NOTICE TO CLASS MEMBERS (EXHIBIT 2)** |

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL
BARTKO·ZANKEL·BUNZEL·MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND**

**NOTICE OF HEARING ON PROPOSED SETTLEMENT**

***Wakefield, et al. v. Wells Fargo & Company, et al., United States District Court, Northern District of California, 13-5053-LB***

THE FOLLOWING DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.  IT SHOULD NOT BE UNDERSTOOD TO BE AN EXPRESSION OF THE COURT'S VIEWS ON THE MERITS OF ANY CLAIM OR DEFENSE RAISED BY THE PARTIES.

**This notice may affect your legal rights.**
**Please read it carefully to understand your options and the deadlines to exercise them.**

**The deadline to postmark a claim for payment, opt out (exclude yourself) from this lawsuit, or submit an objection to the settlement is:  [NOTICE RESPONSE DEADLINE]**

**The Final Approval Hearing for this Settlement will be held on [FINAL APPROVAL HEARING DATE AND TIME]**

**<u>WHAT THIS LITIGATION IS ABOUT</u>**

A lawsuit was filed by Kennison Wakefield and William Stonhaus ("Plaintiffs") who previously worked as Financial Advisors for Wells Fargo in California, on behalf of themselves and all those similarly situated against Wells Fargo Advisors, LLC ("Wells Fargo Advisors") and others. Messrs. Wakefield and Stonhaus allege that Wells Fargo Advisors violated California and North Dakota law and breached its contracts with them and other California and North Dakota Financial Advisors by requiring the forfeiture pursuant to the terms of its Performance Award Contribution Plan and Performance Award Contribution and Deferral Plan or their predecessor plans ("Compensation Plans") of certain unvested compensation amounts of certain retirement eligible Financial Advisors in and before 2012, if those Financial Advisors went to work for a competitor. Wells Fargo Advisors strongly denies these allegations or that it has violated the law in any manner alleged by Plaintiffs Wakefield and Stonhaus.

Plaintiffs Wakefield and Stonhaus allege that they and all other similarly situated former Financial Advisors who worked in either California or North Dakota (called the "Class") are entitled to damages for these alleged violations. Wells Fargo Advisors denies those allegations and strongly believes it has ample legal and factual grounds for defending and defeating Plaintiffs Wakefield and Stonhaus' claims.  Nevertheless, the company and counsel have chosen to work with Plaintiffs Wakefield and Stonhaus and their counsel to resolve this matter, address any doubt with regard to these issues and have negotiated a settlement that provides monetary compensation to the Financial Advisors who forfeited plan awards because they went to work for competitors of Wells Fargo.  In doing so, Wells Fargo Advisors has not admitted to any liability or violation of applicable law.

The purpose of this Notice is to inform you of the pending settlement agreement and your rights under it.  Because you have received this Notice, company records provide that you are one of the former Financial Advisors employed by Wells Fargo Advisors who, unless you opt out, will be deemed part of the Class here and may be eligible to participate in the settlement.  This Notice will provide instructions on the options available to you.  It will explain how you can either seek to participate in this settlement by submitting a claim for monetary payment, opt out of the settlement altogether, object to the settlement, or take other actions.  IF YOU TAKE NO

ACTION, YOU WILL BE SUBJECT TO THIS SETTLEMENT AGREEMENT AND THE ASSOCIATED JUDGMENT (AND THE ASSOCIATED RELEASE), BUT YOU WILL NOT RECEIVE ANY PAYMENT.

**Please understand that this is not a notice of a lawsuit against you.  You have not been sued**. **You are not required to appear in Court in response to this Notice**.

### THE PEOPLE RECEIVING THIS NOTICE

This case was filed as a putative class action.  In class actions, one or more persons bring claims on behalf of themselves and others who are in similar situations or have similar claims.  The Court has entered an order preliminarily certifying the Class for settlement purposes only.  Subject to final court approval, the class is defined as:

All Financial Advisors who were employed in California or North Dakota by Wells Fargo Advisors, LLC, or predecessor corporations, Wachovia Corporation or A.G. Edwards, Inc., and who left this employment at any point from January 1, 2005 through September 26, 2013, and who (a) at the time of the termination of their employment, were (i) subject to the Compensation Plans pertinent to the Litigation and (ii) qualified for retirement under those plans, such that otherwise unvested compensation amounts could continue to vest upon termination subject to other restrictions; (b) voluntarily left Wells Fargo Advisors or a predecessor corporation and either (i) did not sign a release or transition agreement, or (ii) did not sign a contract not to work for the financial services for three years after they left, or (iii) within three years after leaving Wells Fargo Advisors, started work in the financial services industry with a competitor; and whose (c) unvested compensation account balances were deemed forfeited by Wells Fargo Advisors and not paid because they either (i) did not sign a release or transition agreement, or (iv) within three years after leaving Wells Fargo Advisors, started work in the financial services industry with a competitor.

Wells Fargo Advisors records suggest that you may be a Class Member, *i.e.*, you fall into this definition.  In order to ensure that all Class Members are given an adequate opportunity to protect their rights, this Notice is being mailed to the last known home addresses of all people Wells Fargo Advisors has identified as Class Members, and address verification measures have been taken.

The Court has approved Plaintiffs Kennison Wakefield and William Stonhaus as class representatives.  The Court has also approved the following as class counsel:

William I. Edlund, Esq.
Robert H. Bunzel, Esq.
Bartko, Zankel, Bunzel & Miller
One Embarcadero Center, Suite 800
San Francisco, California 94111
Tel: 415-956-1900
Fax: 1-415-956-1152
Email: bedlund@bzbm.com
and

Michael S. Taaffe, Esq.
Jarrod J. Malone, Esq.
Michael D. Bressan, Esq.
Shumaker, Loop & Kendrick, LLP

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

240 South Pineapple Avenue, 10th Floor
Sarasota, Florida 34236
Tel: 1-941-366-6660
Fax: 1-941-366-3999
Email: mtaaffe@SLK-law.com

If you choose to remain a Member of the Settlement Class, you will be represented by these lawyers.

## CORRECTIONS TO NAME OR ADDRESS

If, for any future reference or mailings, the recipient of this Notice, *i.e.*, you, wish to change the name or address listed on the envelope in which this Notice was sent, please complete, execute and mail the form entitled "Change of Name and/or Address Information" attached to this Notice as Form A.

## THE TERMS OF THE CONDITIONAL SETTLEMENT

On behalf of themselves and other Members of the Settlement Class, Plaintiffs Wakefield and Stonhaus have reached a voluntary settlement agreement with Wells Fargo Advisors. Through this settlement, neither Wells Fargo Advisors nor any of its affiliates or employees have admitted any liability or wrongdoing. The following is a summary of the terms of the proposed Settlement Agreement.

Gross Fund Value of the Settlement

Subject to Court Approval, the key terms of the Settlement are:

1. Wells Fargo Advisors has established a Maximum Settlement Amount of $7,420.00 for payments to the Class and Class Counsel's attorneys' fees and costs. Prior and subject to the Court's award of attorneys' fees and litigation costs, the settlement amount attributed to those class members who forfeited plan awards on or after September 26, 2009 represents slightly more than 100% of the awards that were forfeited. Prior and subject to the Court's award of attorney's fees and litigation costs, the settlement amount attributable to class members who forfeited awards after January 1, 2005 and prior to September 26, 2009 represents approximately $10,000.00 per class member. The date of forfeiture is the date that Wells Fargo Advisors caused the Plan award to be forfeited. The value of your award is calculated as of the date of forfeiture according to Wells Fargo Advisors' records, subject to the Court's determination.

2. The class members who forfeited their awards prior to September 26, 2009 are receiving less than the class members who forfeited awards on or after that date. This is because their claims are subject to a defense called the "statute of limitations" which is a legal rule that may bar claims that are too old. Wells Fargo Advisors has raised this defense and the Court has ruled in favor of Wells Fargo Advisors.

3. Wells Fargo Advisors has agreed to file a declaration that states, for Financial Advisors who terminate employment with Wells Fargo Advisors in California and North Dakota after October 2012, it has not and will not forfeit Compensation Plan compensation for retirement eligible Financial Advisors due to their leaving Wells Fargo Advisors to work for a competitor in the financial services industry unless there is a change in California or North Dakota law permitting noncompetition agreements.

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

4.      The additional costs of the Claims Administrator, any enhancement payments to Plaintiffs Wakefield and Stonhaus, and the payment to the California Labor Workforce Development Agency will also be paid by Wells Fargo Advisors.

Payment to Class Representatives

Wells Fargo Advisors has also agreed to make a payment to Plaintiffs Wakefield and Stonhaus beyond what they would receive as a claimant in this action.  Subject to Court approval, this payment is expected to be but will not exceed the amount of ten thousand dollars ($10,000) each. This payment will be in compensation for Plaintiffs Wakefield and Stonhaus' role as the named plaintiffs in this litigation matter and also in exchange for a broader release.

The Court's approval, in whole or in part, of any request for payment to Plaintiffs Wakefield and Stonhaus is not a condition of the settlement and will be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the settlement.

Payment of Plaintiff's Attorneys' Fees and Costs

Any award of attorneys' fees and costs to Class Counsel will be paid from the Maximum Settlement Amount.  Upon motion by Class Counsel and subject to approval by the Court, the attorneys for Plaintiffs Wakefield and Stonhaus and the Class (herein "Class Counsel"), will be paid to compensate them for their services in prosecuting this litigation and the costs that have been incurred.  As already explained to the Court in the preliminary approval process, Class Counsel intends to ask the Court (and Wells Fargo Advisors has agreed not to oppose the request) that Class Counsel receive a total sum of, at most $1,855,000.00 for Plaintiff's attorneys' fees and litigation costs.  This means that approximately one-quarter of the Maximum Settlement Amount, *i.e.*, the total amount that Wells Fargo Advisors could (but not necessarily will) pay under this settlement agreement will be paid to Class Counsel for  attorney fees and litigation costs.  Class Members will not be required to compensate Class Counsel.

The Court's approval, in whole or in part, of any request for attorneys' fees and costs is not a condition of the settlement and will be considered by the Court separately from the fairness, reasonableness, adequacy and good faith of the settlement.

Payment to Labor and Workforce Development Agency

Subject to Court approval, a payment of $7,500 will be made to the California Labor and Workforce Development Agency for settlement of claims under California Labor Code section 2698 *et seq.*  Class Members will not be required to remit any payments to the Labor and Workforce Development Agency.

Payments to Individual Class Members

The Settlement Fund available to distribute to the class members is calculated by subtracting from the Maximum Settlement Amount the amount of Class Counsel's attorneys' fees and costs, approved by the Court ("Net Settlement Fund").  The Net Settlement Fund's value is expected to be approximately $5,565,000.00.

Each Class Member who does not opt out of the settlement and who demonstrates his or her eligibility to participate in the settlement via a properly and timely submitted qualifying claim form will receive a portion of the Net Settlement Fund ("Settlement Sum").

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

Your Settlement Sum is approximately $_____.

Wells Fargo Advisors will report any payments made under this Settlement Agreement to relevant government entities as a wage payment.  Wells Fargo Advisors will make any required withholdings or deductions as required by applicable law, and Wells Fargo Advisors will report any payments made pursuant to this agreement to the Internal Revenue Service and other relevant government entities (if any) as required by law.

Class Members will be responsible for any taxes on any payments made pursuant to this settlement, other than the amounts actually withheld.  Neither the Class Representative, Class Counsel nor Wells Fargo Advisors makes any representations concerning the tax consequences of this settlement or your participation in it, and you have the opportunity to seek tax advice from a tax professional in association with your response to this notice.

<u>Structure of Payments and Minimum Payment by Defendant</u>

Only those individuals who remain Members of the Class will be eligible to participate in this settlement and receive payment under this agreement, and only those individuals who submit qualifying claim forms will receive payment.  All individuals who do not opt out will be subject to the judgment.  On the other hand, those Class Members who opt out of the settlement will not be eligible to seek any payment pursuant to this settlement, nor will they be bound by the judgment and associated waiver or release of related claims.  Any applicable statute of limitation may  not have run during the period this litigation has been pending.

Any amounts from the Net Settlement Fund that are not claimed by Class Members will remain the property of Wells Fargo Advisors; however, the Settlement Agreement includes a minimum payment requirement, which requires that Wells Fargo Advisors must pay at least seventy percent of the Net Settlement Fund.

<u>Release</u>

Upon the final approval by the Court of the settlement, all members of the Class who did not opt out, regardless of whether that member submitted a timely claim, shall be subject to the judgment in this litigation.  Whether they submit a claim for payment or not, all Members of the Class who do not opt out of the settlement (per the procedure discussed below) shall be deemed to forever released and discharged Wells Fargo & Company, Wells Fargo Advisors, LLC, Wells Fargo Advisors Financial Network, LLC and all of their past and present affiliates, directors, officers and employees from any and all claims of any nature or kind whatsoever, whether known or unknown, that they have or may have for the forfeiture of any Plan compensation sums.

 This release shall result in the waiver of all claims, including without limitation unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against Wells Fargo Advisors or any of its affiliated persons or entities or predecessors for any type of relief relating to deferred compensation and/or awards that were lost or deemed forfeited or did not vest, including without limitation, claims for alleged or actual (a) violations of California Business & Professions Code § 16600 and North Dakota Century Code § 9-08-06; (b) violations of California Civil Code § 52.1; (c) violations of California Labor Code § 206.5; (d) violations of the California Private Attorney General Act, California Labor Code § 2698 *et seq.*; (e) any and all associated claims for interest, costs, or attorneys' fees, including without limitation claims under Code of Civil Procedure

section 1021.5; and (f) to the extent not covered above, any and all claims pled in the above-named Litigation brought by Kennison Wakefield and William Stonhaus.  This release does not prevent a Class Member from seeking to participate and/or participating in the settlement of *Jones v. Wells Fargo Advisors,* LLC, Case No.: CGC-13-531846 if that Class Member is otherwise qualified to do so under the terms of that agreement.

With respect to those claims released by the above specified release, and only claims that meet the definition of claims release above (as opposed, for example, to claims for termination in breach of contract or Workers Compensation), all Settlement Class Members, *i.e.*, people who do not opt out of the settlement, shall be deemed to have, and by operation of the judgment shall have, expressly waived, the rights and benefits of California Civil Code section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## THE RIGHTS AND OPTIONS OF CLASS MEMBERS

Because you have received this Notice, Wells Fargo Advisors records suggest that you are a member of the conditionally certified Class.  Current Members of the Class have three options:

**First**, individuals who are currently Members of the Class may elect to "opt out" of the Settlement Class and thus exclude themselves from this action and the associated settlement and judgment.  Class Members who opt out of this action would remain free, subject to the statute of limitations and applicable statutory, common law or other restrictions, to bring claims against Wells Fargo for the company's alleged forfeiture of compensation awards in violation of California and/or North Dakota law.  By electing to opt out, you will be precluded from participating in any settlement or receiving payment or other benefit pursuant to the settlement of or judgment in this litigation.

Class Members who wish to exercise this option should send a letter to the Claims Administrator and to Class Counsel stating "I wish to opt out of the Settlement Class and to exclude myself from the associated settlement and judgment."  You will also need to include your name, address, the month and year you began working for Wells Fargo Advisors, LLC, and your signature on the letter.  You will need to mail the letter to the Claims Administrator and to Class Counsel at the addresses below by [NOTICE RESPONSE DEADLINE] in order for your opt out letter to be valid.  Class Counsel's address and the Claims Administrator's address are:

<div align="center">

Bartko, Zankel, Bunzel & Miller
Re:  Wakefield Matter
One Embarcadero Center, Suite 800
San Francisco, California 94111


Rust Consulting, Inc.
Re:  Wakefield Matter
P.O. Box _____, Minneapolis, MN [ZIP]

</div>

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

If you elect to opt out and prosecute your claims on your own, and if you desire representation by an attorney, you may want to hire or otherwise retain an attorney for that purpose.

**Second**, current Class Members, including you, may choose to remain Members of the Settlement Class. To remain a member of the Settlement Class, Class Members can either take no action or submit a claim form (see below). Regardless of whether they submit a Settlement Claim Certification Form ("Claims Form") or not, Class Members who do not submit opt out letters will remain in the Settlement Class and will be subject to the judgment rendered in this action, *i.e.*, the judgment issued in connection with the settlement.

If you choose to remain a member of the Settlement Class and thus do not opt out of the Settlement Class, you have the option to submit a Claim Form if you wish to participate. IF YOU DO NOT SUBMIT A CLAIMS FORM, YOU WILL NOT RECEIVE ANY PAYMENT. If you properly and timely submit a Claim Form, to the extent the Claim Form reveals you are eligible to participate in the settlement, you will receive payment pursuant to the settlement agreement as set forth above. Class Members who wish to submit a claim must complete, execute and mail or email the Claims Form (Form B)_in the manner and by the deadline specified on the form. The deadline to submit this Claim Form is final, and Claims Forms postmarked after the deadline will not be honored. Unless it becomes necessary for Wells Fargo Advisors to defend a related claim by an individual Class Member or as a legal requirement, Wells Fargo Advisors' management will not be informed of the names of the Class Members who submit claim forms.

Do not submit both an opt out letter and a claim form as these would be contradictory responses.

If you wish to dispute your settlement amount, then you must submit with your Claim Form a written challenge along with any supporting documents to the Claims Administrator at the address provided by [NOTICE RESPONSE DEADLINE].

No dispute will be considered timely if postmarked after this date. Counsel for the parties may agree to a compromise to resolve your challenge. In the case of a challenge, you must show that Wells Fargo Advisors' records are incorrect. Please note that engaging in the dispute process set forth in this paragraph does not extend the time to exclude yourself from the class, which is discussed below.

**Third**, and in addition to either one of the above options, Class Members may (a) participate in this lawsuit at their own expense by obtaining their own attorneys (Class Members who choose this option will be responsible for any attorney fees or costs for their own attorneys incurred as a result of this election); and/or (b) submit written objections to the settlement by filing them with the Court and also mailing, faxing or emailing copies of them to William I. Edlund and Robert H. Bunzel at Bartko, Zankel, Bunzel & Miller, One Embarcadero Center, Suite 800 San Francisco, California 94111 and to Michael S. Taaffe, Jarrod J. Malone and Michael D. Bressan at Shumaker, Loop & Kendrick, and to Rust Consulting, Inc., Re: Wakefield Matter, P.O. Box _____, Minneapolis, MN 55440-9407 no later than [NOTICE RESPONSE DEADLINE]. Class Counsel will address these objections with the Court. Late objections will not be valid.

## **CERTIFICATION OF CLASS AND FINAL FAIRNESS HEARING**

On or about [PRELIMINARY HEARING DATE], pursuant to the procedures for the approval of class actions, the Court granted preliminary approval for the settlement of this matter as a class action and scheduled a hearing on final approval.

In addition to scheduling this hearing, the Court approved this Notice form and approved the parties' request to mail this Notice to all Members of the Class. This conditional certification

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

order does not reflect the Court's opinion on the merits of any claim or defense raised by the parties.

On [FINAL HEARING DATE] at [TIME] the Court will hold a hearing on the fairness of the proposed settlement, and on Plaintiffs' petition for attorneys' fees and costs and enhancement payment to Kennison Wakefield and William Stonhaus. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. This hearing will take place at Courtroom C of the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Judge Laurel Beeler, presiding. <u>Attendance at this hearing is completely optional; attendance at the hearing is not required at all, and it is not required to participate in the settlement or opt out of the lawsuit.</u>

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

### ADDITIONAL INFORMATION

This Notice does not fully describe the action. Members of the public, including but not limited to those whose rights may be affected by this action, may inspect the files (including the full settlement agreement) at the Office of the Court Clerk at the following address:

<div align="center">

Clerk of Court
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

</div>

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT WITH QUESTIONS REGARDING THIS ACTION.**

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARTKO ZANKEL BUNZEL
BARTKO • ZANKEL • BUNZEL • MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

**FORM A**

**FOR**

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT THEREOF**

**Change of Name and/or Address Information**

    Pursuant to this Notice of a Class Action; Notice of Pending Settlement Thereof, I wish to change my name and/or mailing address information to the following:

<u>Name</u>:

<u>Street and Apt. No., if any</u>:

<u>City, State and Zip Code</u>:

For purposes of verification only, my Social Security Number is: _____.

    I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the address listed above and not to the address previously used.  I hereby request and consent to the use of the address listed above for these purposes.

DATED: _____ ___, 2014   Submitted By:

             _____
                Print Name

             _____
                Signature

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.
Re: Wakefield Matter
P.O. Box **_____**, Minneapolis, MN 55440-9407

**THIS FORM MUST BE POSTMARKED NO LATER THAN _____ __, 2014**

**TO CHANGE YOUR ADDRESS**

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

**FORM B**

**FOR**

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT THEREOF**

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

**Settlement Claim Certification Form**

Pursuant to this Notice, I understand that this lawsuit and settlement is based on Plaintiffs Kennison Wakefield and William Stonhaus' claim that Wells Fargo Advisors violated California and North Dakota law and breached its contracts with certain Financial Advisors by forfeiting certain compensation amounts pursuant to its Compensation Plans.  I also understand that Wells Fargo Advisors denies those allegations.

By submitting this claim, I am confirming that I am the person listed on the notice as a Class Member and that the Wells Fargo Advisors records show I had unvested compensation awards under a Wells Fargo Compensation Plan forfeited because I went to work for a competitor and/or declined to sign a non-compete agreement.

I further acknowledge that I understand and agree, that by exercising the option to receive my individual settlement amount, and that will be the gross amount set forth above in the class notice, and nothing further.  I also understand that by not electing to opt out of this settlement, I will be subject to the judgment, waive the protections of California Civil Code Section 1542[2] and will be precluded from pursuing any Released Claims, as defined above and in the settlement agreement.

Name of Class Member (print):

Address:

City, State and Zip Code:

Date:  _____

Signature:  _____

For purposes of verification only, my Social Security Number is:  _____.

---

[2] California Civil Code Section 1542 provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

PLEASE RETURN THIS FORM VIA <u>EITHER</u> UNITED STATES MAIL OR EMAIL[3] TO:

<div align="center">

Rust Consulting, Inc.
Re: Wakefield Matter
P.O. Box _____, Minneapolis, MN 55440-9407
Email Address:_____

</div>

**NOTE: FORMS MUST BE POSTMARKED NO LATER THAN _____ __, 2014 IN ORDER TO BE VALID AND EFFECTIVE.**

---

[3] Please note that the parties cannot assure the security of your use of email to return this form.

<div align="left">

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

</div>

# EXHIBIT 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER

One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

WILLIAM I. EDLUND (State Bar No. 25013)
ROBERT H. BUNZEL (State Bar No. 99395)
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

Attorneys for Plaintiffs KENNISON WAKEFIELD, *et al*.

MALCOLM A. HEINICKE (State Bar No. 194174)
malcolm.heinicke@mto.com
MARJA-LIISA OVERBECK (State Bar No. 261707)
mari.overbeck@mto.com
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Facsimile: (415) 644-6929

Attorneys for Defendants WELLS FARGO & COMPANY; WELLS FARGO ADVISORS, LLC; and WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC

[ADDITIONAL COUNSEL ON NEXT PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNISON WAKEFIELD, WILLIAM STONHAUS, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

WELLS FARGO & COMPANY, WELLS FARGO ADVISORS, LLC, AND WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC and DOES 1 through 20,

Defendants.

CASE NO. 3:13-CV-05053-LB

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**



BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

# [ADDITIONAL COUNSEL]

CHARLES G. MILLER, State Bar No. 39272
SONY B. BARARI, State Bar No. 243379
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California  94111
Telephone:      (415) 956-1900
Facsimile:      (415) 956-1152

MICHAEL S. TAAFFE, admitted *pro hac vice*
JARROD J. MALONE, admitted *pro hac vice*
MICHAEL D. BRESSAN, admitted *pro hac vice*
SHUMAKER, LOOP & KENDRICK, LLP
240 South Pineapple Avenue, 10th Floor
Sarasota, FL 34236

Attorneys for Plaintiffs KENNISON WAKEFIELD, *et al.*

TERRY E. SANCHEZ (State Bar No. 101318)
terry.sanchez@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071-1560
Telephone:      (213) 683-9100
Facsimile:      (213) 683-4015

Attorneys for Defendants WELLS FARGO & COMPANY,
WELLS FARGO ADVISORS, LLC, AND WELLS FARGO
ADVISORS FINANCIAL NETWORK, LLC

BARTKO ZANKEL BUNZEL
BARTKO • ZANKEL • BUNZEL • MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    Having considered the Stipulation Re: Settlement of Class Action ("Stipulation")

2    and all other materials properly before the Court, the Court makes the following findings and

3    issues the following orders:

4    1.    The proposed settlement is in all respects fair, reasonable and adequate and

5    meets the standard for final approval.  Significant investigation and research has been conducted

6    such that the parties were able to reasonably evaluate their respective positions.  Settlement at this

7    time will avoid substantial costs, delay and risks that would be presented by further prosecution of

8    the litigation.

9    2.    The proposed settlement is the product of arm's length, serious, informed

10    and non-collusive negotiations between experienced and knowledgeable counsel who have

11    actively prosecuted and contested this litigation.

12    3.    The settlement reflected in the Stipulation which is attached hereto as

13    Exhibit A is granted final approval.

14    4.    The Court will simultaneously, or the Clerk of the Court shall, enter the

15    Judgment provided in the Stipulation.  Wells Fargo Advisors, LLC, through the Claims

16    Administrator, shall deliver the Notice of Final Approval to the Settlement Class Members and

17    make the payments to the Participating Claimants, and subject to Court approval, Class

18    Representative and Class Counsel as provided for in the Stipulation.

19    5.  The Effective Date of the settlement is 60 calendar days after Notice of Entry of

20    Judgment assuming there is no appeal filed.

21    6.  The Settling Parties shall abide by the schedule set forth in Exhibit 5 to the

22    Stipulation.

23    IT IS SO ORDERED.

24

25

26    DATED: _____        _____

27                                                            The Honorable Laurel M. Beeler

28

[PROPOSED] ORDER DETERMINING GOOD FAITH

# EXHIBIT 4

BARTKO ZANKEL BUNZEL
BARTKO·ZANKEL·BUNZEL·MILLER

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-61-

WILLIAM I. EDLUND (State Bar No. 25013)
ROBERT H. BUNZEL (State Bar No. 99395)
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California  94111
Telephone:      (415) 956-1900
Facsimile:      (415) 956-1152

Attorneys for Plaintiffs KENNISON WAKEFIELD, *et al.*

MALCOLM A. HEINICKE (State Bar No. 194174)
Malcolm.heinicke@mto.com
MARJA-LIISA OVERBECK (State Bar No. 261707)
mari.overbeck@mto.com
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105
Telephone:      (415) 512-4000
Facsimile:      (415) 644-6929

Attorneys for Defendants WELLS FARGO &
COMPANY; WELLS FARGO ADVISORS, LLC;
and WELLS FARGO ADVISORS FINANCIAL
NETWORK, LLC

[ADDITIONAL COUNSEL ON NEXT PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNISON WAKEFIELD, WILLIAM STONHAUS, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      vs.<br><br>WELLS FARGO & COMPANY, WELLS FARGO ADVISORS, LLC, AND WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC and DOES 1 through 20,<br><br>      Defendants. | CASE NO.  3:13-CV-05053-LB<br><br>**[PROPOSED] JUDGMENT** |

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

-62-

2437.000/860232.1

**[ADDITIONAL COUNSEL]**

CHARLES G. MILLER, State Bar No. 39272
SONY B. BARARI, State Bar No. 243379
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone:     (415) 956-1900
Facsimile:     (415) 956-1152

MICHAEL S. TAAFFE, admitted *pro hac vice*
JARROD J. MALONE, admitted *pro hac vice*
MICHAEL D. BRESSAN, admitted *pro hac vice*
SHUMAKER, LOOP & KENDRICK, LLP
240 South Pineapple Avenue, 10th Floor
Sarasota, FL 34236

Attorneys for Plaintiffs KENNISON WAKEFIELD, *et al.*

TERRY E. SANCHEZ (State Bar No. 101318)
terry.sanchez@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 683-4015

Attorneys for Defendants WELLS FARGO & COMPANY,
WELLS FARGO ADVISORS, LLC, AND WELLS FARGO
ADVISORS FINANCIAL NETWORK, LLC

[PROPOSED] JUDGMENT

2437.000/860232.1

This matter came on for hearing upon the motion for final approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation"). Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court, for purposes of this Judgment ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class Action ("Stipulation") filed in this case.

2.      The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and Wells Fargo & Company, Wells Fargo Advisors, LLC, and Wells Fargo Advisors Financial Network, LLC (collectively "Wells Fargo").

3.      The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action, as provided for in the Order Granting Preliminary Approval for the Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of applicable law and due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the actual notice to the class was adequate.

4.      The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

5.      Except as to any individual claim of those Persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement Class, all of the Released Claims (which include, without limitation claims under the California

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-64-

Labor Code, the Labor Code Private Attorneys General Act of 2004) are discharged and extinguished with prejudice as to the Class Representatives and all of the other Members of the Settlement Class.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.      Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation, and the Court deems this definition sufficient for purposes of Rule 23 of the Federal Rules of Civil Procedure.

7.      With respect to the Settlement Class and for purposes of approving this settlement only, this Court finds and concludes that:  (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of Class Representatives Kennison Wakefield and William Stonhaus are typical of the claims of the Members of the Settlement Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, *i.e.*, Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Settlement Class.

8.      By this Judgment, the Class Representatives and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) as defined in paragraphs 1.32, 1.42 & and 2.8.2 of the Stipulation re: Settlement of Class Action.

9.      Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Wells Fargo or any of the Wells Fargo

Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Wells Fargo or any of the Wells Fargo Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Wells Fargo or any of the Wells Fargo Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.     The only Settlement Class Members entitled to payment pursuant to this Judgment are Participating Claimants.  Neither the Stipulation nor this Judgment will result in the creation of any unpaid residue or residual and any funds that would have been paid to Class Members had they become Participating Claimants shall remain the property of Wells Fargo.

11.     Wells Fargo has agreed to pay Class Counsel, for their reasonable attorneys' fees in this matter and all costs.  The Court has determined the amount of those fees and costs.  Wells Fargo has also agreed to pay the Class Representatives to reimburse them for their unique services and for a separate release of their personal claims, which are extinguished by this Judgment.  The Court finds that these awards, as set forth in the Stipulation, are fair and reasonable.  Wells Fargo is directed to make such payments in accordance with the terms of the Stipulation and any order issued prior to or in conjunction with this Judgment.  Wells Fargo is directed to pay Class Counsel $---,---,---, in attorneys' fees and costs and to pay plaintiffs Wakefield and Stonhaus each the amount of $_____.

//

//

//

//

//

//

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1          12.      The Court reserves exclusive and continuing jurisdiction over the

2   Litigation, the Class Representatives, the Settlement Class and Wells Fargo for the purposes of

3   supervising the implementation, enforcement, construction, administration and interpretation of

4   the Stipulation and this Judgment.

5

6          IT IS SO ORDERED.

7

8   DATED: _____          _____

9                                                                         The Honorable Laurel M. Beeler

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 5

| Event | Proposed Timeline |
|---|---|
| Notice Mailing Deadline | 30 calendar days after preliminary approval |
| Notice Response Deadline (last day to opt out or return claim) | 60 calendar days after date notices are mailed |
| Claims Administrator to provide declaration regarding notice and claims process | 15 calendar days after Notice Response Deadline |
| Final Approval Motion Date; Deadline for submission of motion in support of fee, cost and enhancement award | 35 calendar days after Notice Response Deadline |
| Final Approval Hearing Date | 35 calendar days after Final Approval Motion Date |
| Effective Date | 30 calendar days following entry of the Judgment* |
| Claims Administrator to mail checks to class members, class counsel, and class representative | Within 14 calendar days of the Effective Date* |
| Checks Voided if Not Negotiated | 180 calendar days after mailing of checks* |
| Final Report from Claims Administrator | Within 30 calendar days after date checks voided if not negotiated * |

*  This schedule assumes that the Judgment is entered at the Final Approval Hearing and no appeals of the Judgment are noticed.

BARTKO ZANKEL BUNZEL
BARTKO·ZANKEL·BUNZEL·MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

[PROPOSED] NOTICE OF FINAL APPROVAL

2437.000/860232.1